JAMES S. MARSH, Respondent, v. JOHN A. DODGE et al., Appellants.

The complaint in this action alleged, in substance, that plaintiff, being the owner of letters patent for an improvement in harvesting machines, known as "Marsh's self-rake," entered into a written agreement with defendants by which he licensed them to make, use and vend the invention within a specified territory, they agreeing to pay a royalty of ten dollars on each one of the patented articles made and sold by them or by their authority or procurement; that defendants sold, but failed to account and pay as agreed. The answer was a general denial. Upon the trial plaintiff proved the alleged agreement. Defendants offered in evidence another instrument executed by the parties without date, but reciting the execution of the license "this day," and defendants proved that both were executed at the same time. In the second instrument plaintiff, for a valuable consideration, agreed to give a "drawback" of three dollars on each self-rake made and sold by defendants which were attached to other machines than "Marsh's self-rake harvesters." Plaintiff's counsel objected to the instrument as inadmissible under the pleadings, and it was rejected. *Held*, error; that the instruments should be read as one; and, as the complaint only set out part of the agreement, under a denial that the agreement was as set forth, defendants were entitled to put in evidence the part omitted.

Defendants were succeeded in business by a corporation, to whom they sold their entire stock, including the "self-rakes," finished, on hand and in the hands of agents, and a large number in process of manufacture; also the good will of the business. The corporation finished and sold the unfinished rakes; one of the defendants was its president and managing agent. *Held*, that defendants were chargeable with the royalty thereon, as they were made and sold by their authority and procurement.

*Marsh v. Dodge* (4 Hun, 278) reversed.

(Argued May 24, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 4 Hun, 278.)

This action was brought to recover an amount alleged to be due as royalty upon the manufacture and sale of a patented article under a license and agreement between the parties.

The complaint alleged, in substance, that plaintiff, on or about September 2, 1865, being the patentee and owner of a patent for an improvement in harvesting machines, known as "Marsh's self-rake," entered into a written agreement with defendants in and by which he licensed to said firm the right and privilege, within certain territories therein set forth, of making, using, and vending to others to be used, the improvements in said letters patent specified ; in consideration whereof defendants agreed to pay plaintiff "a royalty or patent fee of ten dollars for each and every Marsh's self-rake that should be made and sold or disposed of by the said defendants, or by their authority or procurement, during the existence of said patents," an accounting for and payment thereof to be made on the first day of January in each and every year during said term. That defendants manufactured and sold 600 of the rakes, and refused to pay, etc. The answer was a general denial, fraud and the invalidity of the patent. Upon the trial, plaintiff produced and proved the instrument set forth in the complaint. Defendants offered in evidence another instrument executed by the parties, without date, but which they proved was executed at the same time as the license ; the material part of which is as follows :

"Whereas, a license has this day been granted by James S. Marsh, of Lewisburg, Pa., to Dodge, Stevenson & Co., of Auburn, N. Y., to use his patented improvements, commonly known as Marsh's self-rake, and issued May 21, 1861, and February 10, 1863, and more fully set forth in said patents. Now, therefore, in consideration of one dollar to me in hand paid, and the performance of certain valuable work in the matter of introducing said improvements to public notice and use, I, the said James S. Marsh, do agree to give a drawback of three (3) dollars on each self-rake that may be made and sold by said Dodge, Stevenson & Co., or their assigns, under and by virtue of said license. The drawback heretofore mentioned is understood to apply only to such self-rakes as are made and attached to machines other than what is known as Marsh's self-rake harvesters."

This was objected to by plaintiff's counsel, on the ground that it was inadmissible under the pleadings. Defendants' counsel stated that he offered the contract "for the purpose of reducing the price from ten to seven dollars." This was objected to, objection sustained, and said counsel duly excepted.

It appeared upon the trial that defendants ceased to manufacture rakes about March 11, 1866, they having sold and transferred to a corporation, organized for the purpose of carrying on the business, of which defendant Dodge was president and manager, the good will of their business and all their copartnership property and effects, including rakes manufactured before that time, and on hand or in the hands of agents, and a large number in process of manufacture, being in pieces not put together. Said corporation succeeded them in the business, carried it on, finished and sold the unfinished machines.

The court charged, among other things, that if the corporation sold any of the rakes made from the material transferred to them, such rakes were made and sold by the procurement of the defendants. Counsel duly excepted.

*H. V. Howland* for the appellants. Both of the instruments offered in evidence by the defendants were admissible and constituted parts of one contract. (2 Pars. on Con., 66, 68; *Harford* v. *Rogers*, 11 Barb., 18; *Man* v. *Whitbeck*, 17 id., 388; *Watson* v. *McKinney*, 3 Wend., 233; *Hall* v. *Adams*, 1 Hill, 603; *Stow* v. *Tifft*, 15 J. R., 463; *Holbrook* v. *Finney*, 4 Mass., 561; *Cornell* v. *Todd*, 2 Den., 113.) The General Term erred in holding that defendants were estopped from denying plaintiff's patent. (*Saxton* v. *Dodge*, 57 Barb., 84; *Borst* v. *Corey*, 16 id., 136; *Brooks* v. *Stolley*, 3 McL., 526; *Mitchell* v. *Barclay*, U. S. Laws [Am. Dig.], 281; *Head* v. *Stevens*, 11 Wend., 411; *Hayne* v. *Maltby*, 3 D. & E., 438; *Bliss* v. *Myers*, 8 Mass., 46; *Dickinson* v. *Hall*, 14 Pick., 267.) The court had a right to try the question whether the machines were manufactured under the Dodge or Marsh

patent. (*Dudley* v. *Mayhew*, 3 N. Y., 9; *Cross* v. *Huntley*, 13 Wend., 385; *Head* v. *Stevens*, 19 id., 411; *Snow* v. *Judson*, 38 Barb., 211.) The court erred in holding that defendants were liable for license fees on rakes made by the Dodge & Stevenson Manufacturing Company out of materials sold it by defendants. (*Pitts* v. *Jameson*, 15 Barb., 311.)

*Rollin Tracy* for the respondent. The second contract offered in evidence by defendants was properly excluded. (*Conklin* v. *Gandall*, 1 Keyes, 231; *Fairbanks* v. *Bloomfield*, 4 Duer, 353; *Cornell* v. *Todd*, 2 Den., 130; 2 Kent's Com. [11th ed.], 581; *Ballard* v. *Walker*, 3 J. Cas., 60; *McCurtie* v. *Stevens*, 13 Wend., 527; *Thomson* v. *B., E. S. and S. of N. Y.*, 10 Barb., 308; *Mann* v. *Witbeck*, 17 id., 388; *Bush* v. *Tilley*, 49 id., 599; *Wemple* v. *Gardiner*, 22 id., 154; *Crain* v. *Van Horn*, 1 Paige, 455; *Hills* v. *Miller*, 3 id., 255; *McKyring* v. *Ball*, 16 N. Y., 297; *Laraway* v. *Perkins*, 10 id., 371; *Field* v. *Mayor, etc.*, 2 Seld., 179; *N. Y. C. Ins. Co.* v. *Nat. Ins. Co.*, 22 Barb., 468; *Button* v. *McCauley*, 38 id., 413; *Marsh* v. *Dodge*, 5 Lans., 541.) All the evidence showing a sale and transfer of rakes to any one was proper. (*Marsh* v. *Dodge*, 5 Lans., 541.) Parol evidence was not admissible to vary or control or nullify the record. (*Potter* v. *Howland*, 4 Blatch., 242.) The exclusion of the Dodge patent offered in evidence by defendant was correct. (*The Am. S. Co.* v. *Hogg*, 5 Fisher's Patent Cas., 353; Code, § 149; 52 N. Y., 471, 476.) The charge that the variation in the machine Dodge constructed was not an improvement was not error. (*Dixon* v. *Mayer*, 4 Wash., 71; *Hall* v. *Wiles*, 2 Blatch., 200; *Tracy* v. *Torrey*, id., 278; *Buck* v. *Hermance*, 1 id., 406; *Foote* v. *Silsby*, id., 459; *Tatham* v. *LeRoy*, 2 id., 485, 486; *Sickles* v. *Borden*, 3 id., 541; *Wyeth* v. *Stone*, 1 Story, 280; *Gorham* v. *Mixter*, 1 Am. Law J. [U. S.], 543; *O'Reilly* v. *Morse*, 15 How. [U. S.], 123; *Calhoun* v. *Ring*, 1 Fisher's Patent Cas., 411.) The exception to the charge that Dodge was obliged to rescind the contract as soon as he discovered the fraud was not well taken. (*Voorhees* v. *Earl*,

2 Hill, 288; *Cobb* v. *Hatfield*, 46 N. Y., 533.) The verdict and judgment should stand. (*Marsh* v. *Dodge*, 5 Lans., 541 : *Wallace* v. *Holmes*, 9 Blatch, 65, 71.)

RAPALLO, J. We think that the exclusion of the instrument providing for a drawback was error, for which a new trial must be granted, without regard to the other questions in the case. The plaintiff set up in his complaint a written license and agreement between him and the defendants, whereby they agreed to pay him a license fee of ten dollars upon each of the Marsh's self-rakes which should be made and sold or disposed of by the defendants, or by their authority or procurement during the term of the license. The answer contained a general denial of the agreement alleged. On the trial the plaintiff proved the instrument set forth in the complaint and the defendants proved that another instrument was executed at the same time, and between the same parties, which recited the license and agreement set forth in the complaint, and provided, among other things, that the defendants should be allowed a drawback of three dollars on each self-rake made and sold by them and attached to machines, other than Marsh's self-rake harvesters. This instrument, although not dated, stated upon its face that it was made on the same day with the license, and it was proved that all the papers were executed at the same time. When offered in evidence by the defendants it was objected to on the ground that it was inadmissible under the pleadings. The defendants' counsel expressly stated that he offered it for the purpose of reducing the price from ten to seven dollars. This was, in substance, an offer to show that the machines sued for, or some of them, came within the terms of the instrument offered in evidence. No objection was taken to the form or sufficiency of the offer, but the only objection was that the instrument was inadmissible under the pleadings. The court sustained the objection and exception was taken.

It is a familiar rule that several instruments made between the same parties at the same time and relating to the same

subject-matter are to be read as one instrument. Here the parties were the same. It was proved that both instruments were executed at the same time. The second refers to the first as a paper executed the same day, and recites it in part, and contains an important modification of one of its provisions. It clearly relates to the same subject-matter. Both instruments should, under the rule before referred to, be read as one. The case then stands as if the complaint had set out only a part of the agreement, omitting another part, which materially qualified the part set out   Under a denial of the allegation that the agreement was as set forth in the complaint the defendants were clearly entitled to read in evidence the part which had been omitted.

Upon the merits we are inclined to concur with the court below, that the evidence was sufficient to charge the defendants for the royalty on the machines made by the Dodge & Stevenson Manufacturing Company from the material transferred to them by the defendants, provided the rakes so made were sold by the company. The defendants transferred to this company their entire stock, material and machines finished, on hand and in hands of agents, and their good will and patents. The property thus transferred embraced a large number of rakes in pieces, ready to be put together, which were afterwards put together and sold by the corporation; all the valuable assets of the defendant's firm, including articles in process of manufacture, and all the rakes finished and unfinished and the good will of the business were transferred to the corporation, which continued the same business, the defendant Dodge becoming the president and manager of the corporation. We think there is enough to show that the rakes made and sold by this corporation were so made and sold by authority and procurement of the defendants, and that the corporation would have been protected by the license granted to the defendants against any claim for infringement.

There are numerous other exceptions in the case, but as the same questions may not arise on a new trial, we have not considered it necessary to pass upon them.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

All concur; Andrews, J., taking no part.

Judgment reversed.