FREDERICK A. WHITTLESEY, Receiver, etc., Respondent, v.. JOHN C. DELANEY, Appellant.

An action to set aside and vacate a judgment against a corporation, on the ground that it was obtained without consideration, by collusion with the officers of the corporation, and in fraud of creditors, may properly be brought in the name of and by a receiver of the corporation.

In a complaint in such an action it was not expressly averred that the judgment was fraudulent in fact, or that the officers of the corporation colluded with the plaintiff therein; but facts were averred, which if proved authorized the inference that the judgment was without consideration, and fraudulently and collusively obtained. *Held*, sufficient after judgment; that if the complaint was technically defective the objection should have been taken by demurrer or otherwise before issue on the facts; also, that it was not necessary to employ the word "fraud" or "fraudulent" to characterize the transaction.

Defendant sold to the E. H. C. Co., a patent right for the sum of $25,000; $10,800 was paid down, and 500 shares of the stock of the ·corporation transferred. The corporation gave back a power of attorney authorizing defendant to sell rights and machinery, and it was agreed that it should receive all the net proceeds of sales made by defendant until it was reimbursed, from such sales and the sales of the stock, the money paid down, and that thereafter defendant should be entitled to one-half the proceeds of sales coming to his hands, until the residue of the $25,000· was paid, and all the balance should be paid to the corporation. *Held,* that while the contract was in form a sale for $25,000, the payment of all save the sum paid down was dependent upon its being realized from sales in the manner specified; that no absolute obligation on the part of the corporation to pay the balance was intended or incurred; and. that no promise to pay the balance upon request could be implied.

In an action brought by a receiver of the corporation to set aside a judgment obtained by defendant for the balance of the purchase-price, it. appeared that the summons and complaint in defendant's action were served upon an officer of the company, who brought it to the notice of the board of trustees, and with the assent of the board they were delivered to the attorney, who brought the action, to protect the interests of the corporation, no answer was interposed and the judgment was by default. *Held*, that the evidence justified a finding that the judgment was without consideration, and was suffered to be entered by fraud and collusion between defendant and the officers and trustees of the corporation.

Also, *held*, that the court having jurisdiction of the cause of action and the parties, had authority not only to vacate the judgment, but also to pass upon the merits and to definitely dispose of defendant's claim.

Also, *held,* that the action was properly tried without a jury, but if a trial by jury was the right of either party it was waived by not being demanded in proper time.

(Argued April 23, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff as receiver of the Excelsior Hay Carrier Company to set aside a judgment obtained by plaintiff against said company; plaintiff also asked that it be adjudged that defendant has no claim against said company or against the plaintiff as its receiver.

The facts appear sufficiently in the opinion.

*George Raines,* for appellant. The court erred in refusing to grant judgment because the complaint failed to state a cause of action. (*Smith* v. *Nelson,* 62 N. Y., 289; *Dobson* v. *Pierce,* 12 id., 164; *Tracy* v. *First Nat. Bk.,* 37 id., 523; *Ac. Tr. Co.* v. *Garrison,* 9 Abb., 141; *Lawber* v. *Mayor, etc.,* 5 id., 325; *Chap. Co. Bk.* v. *White,* 6 N. Y., 258; *Dudley* v. *Scranton,* 57 id., 428; *Lefler* v. *Field,* 52 id., 621; *Coffin* v. *Reynolds,* 37 id., 640; *Higgins* v. *Freeman,* 2 Duer, 650; *M. Co. Bk.* v. *Alb. City Bk.,* 7 N. Y., 459; *De Witt* v. *Chandler,* 11 Abb., 459; *Bennett* v. *Judson,* 21 N. Y., 240; *Bawdom* v. *Coleman,* 6 Duer, 183; *Morton* v. *Pinkney,* 8 Bosw., 135.) The findings of fraud were erroneus, as there was no proof warranting them. (*Marsh* v. *Falker,* 40 N. Y., 562; *Warner* v. *Blakeman,* 4 Keyes, 504; *Jaeger* v. *Kelly,* 52 N. Y., 274; *Gardiner* v. *Ogden,* 22 id., 332; *Butts* v. *Wood,* 37 id., 319; *Scott* v. *De Peyster,* 1 Ed. Ch., 513; *Coleman* v. *Second Ave. R. R. Co.,* 38 N. Y., 201; *Hoyle* v. *P. and M. R. R. Co.,* 54 id., 314; 36 id., 430; 58 id., 606.) Plaintiff's proper remedy was to apply, in the former action, to be substituted as defendant, and that the default should be opened and he let

in to defend. (*Hackey* v. *Draper*, 60 N. Y., 92; 37 id., 523; 9 Abb., 141; 5 id., 325; *Mut. L. Ins. Co.* v. *Supr's*, 42 N. Y., 184; *Chat. Co. Bk.* v. *White*, 6 id., 256; *Van Doren* v. *Mayor, etc.*, 9 Paige, 388; *Cox* v. *Cliff*, 2 N. Y., 118; *Me. Ins. Co.* v. *Hodgson*, 7 Cranch, 332; *Dobson* v. *Pearce*, 12 N. Y., 165; *Stillwell* v. *Carpenter*, 59 id., 423; *Smith* v. *Nelson*, 62 id., 288; *Foster* v. *Wood*, 6 J. Ch., 89; *Simpson* v. *Ld. Howden*, 3 N. Y. & Cr., 108; *Powers* v. *Battle*, 3 Green Ch., 465; *Krekeler* v. *Ritter*, 62 N. Y., 373; *Hale* v. *Clawson*, 60 id., 399.) Defendant had a good cause of action against the corporation. (*Warner* v. *Blankman*, 4 Keyes, 487; *People* v. *A. and S. R. R. Co.*, 57 N. Y., 161; *Elder* v. *Rouse*, 15 Wend., 218; *Storey* v. *Conger*, 36 N. Y., 673; *Pitcher* v. *Hennesy*, 48 id., 416.) The defense of former action pending was fully proven and a perfect defense to this action. (*Embury* v. *Conner*, 3 N. Y., 522; *Nones* v. *Home*, 12 Abb., 247; *Mahon* v. *N. Y. C. R. R. Co.*, 24 N. Y., 659.)

*Theodore Bacon*, for respondent. The instruments dated July 31, 1873, between the same parties, relating to the same subject-matter and referring to each other, are to be construed together. (*Marsh* v. *Dodge*, 66 N. Y., 533.) It was not necessary to allege in the complaint fraud in set and technical terms. (*Att'y-Gen'l.* v. *Corp. of Poole*, 4 Myl. & Cr., 28; *Farnam* v. *Brooks*, 9 Pick., 212; *Bromley* v. *Smith*, 26 Beav., 671–672; *Kennedy* v. *Kennedy*, 2 Ala. [N. S.], 571, 608, 609; *Shrine* v. *Simmons*, 11 Geo., 401–410; Kerr on Fraud and Mistake [Am. ed.], 366; *Koop* v. *Handy*, 41 Barb., 454, 463; *Lounsbury* v. *Purdy*, 18 N. Y., 515; *Cythe* v. *La Fontaine*, 5 Barb., 186, 194; *Warner* v. *Blakeman*, 4 Keyes, 487, 506; *Bate* v. *Graham*, 1 Kerr, 237, 240–242.) This action by the receiver is the proper remedy. (*Tracy* v. *First Nat. Bk.*, 37 N. Y., 523; *Ac. Tr. Co.* v. *Garrison*, 9 Abb., 141, 149, 150; *Knickerbocker* v. *Smith*, 16 Abb., 241, 246; *Hackley* v. *Draper*, 4 T. & C., 614; 60 N. Y., 88; *Gillet* v. *Moody*, 3 id., 479; *Tallmage*

v. *Pell,* 7 id., 328; *Leavitt* v. *Yates,* 4 Edw., 134; *Osgood* v. *Laytin,* 5 Abb. [N. S.], 1; *Dutchess of Kingston's Case,* 2 Smith's L. Cas., 431; *Wing* v. *Wing,* 9 Mod., 109; *Dobson* v. *Pearce,* 2 Kern., 156, 165; *Clark* v. *Underwood,* 17 Barb., 202, 221; Kerr on Fraud and Mistake [Am. ed.], 293–295; *Bargate* v. *Shortridge,* 5 H. of L. Cas., 297; *Horn* v. *Kilkenny, etc., R. Co.,* 1 K. & J., 397; *Fernihaugh* v. *Leader,* 15 L. J. [N. S.], 458.) The court, being rightly in possession of the action, it was its duty to determine the whole matter in controversy. (Story's Eq. Jur., §§ 64–68, 71; *Armstrong* v. *Gilchrist,* 2 J. Cas., 424, 428–430; *Rathbone* v. *Warren,* 10 J. R., 587; *King* v. *Baldwin,* 17 id., 384, 388; *Hepburn* v. *Dunlop,* 1 Wheat., 179, 197; 3 Cond. [U. S.], 529, 540; *Doughty* v. *Doughty,* 12 C. E. Green, 315.)

ALLEN, J. The plaintiff sues as receiver of "The Excelsior Hay Carrier Company" to set aside and vacate a judgment recovered by the appellant Delaney against the company upon the ground that it was without consideration, obtained by collusion with the officers of the company in fraud of the rights of creditors. The action was properly brought in the name of, and by the receiver as the representative, as well of creditors, as the debtor corporation. It was his duty in behalf of the creditors to resist the judgment and assert the rights of creditors against the fraudulent or illegal acts of the corporation by which their rights were affected. (*Gillett* v. *Moody,* 3 Comst'k, 479 ; *Bate* v. *Graham & Jordan,* 1 Kern., 237 ; *Talmage* v. *Pell,* 3 Seld., 328; *Hackley* v. *Draper,* 60 N. Y., 88.) He could have had no relief in the action, as he was not a party to it, and would have had no standing in court to move in the action for relief. (*Tracy* v. *First. Nat. Bk. of Selm,* 37 N. Y., 523.) Fraud vitiates a judgment as well as even the most solemn transaction, and any one affected by a fraudulent judgment may invoke the aid of a court of equity for relief. Ordinarily, strangers to the judgment who have had no day in court can only have

relief through the instrumentality of a court of equity, and in a suit brought directly for that purpose. Whenever the party liable to be injured by a judgment, tainted by fraud, has had no opportunity to protect himself against it at law, a court of equity is open to him. (*Dobson* v. *Pearce*, 2 Kern., 156; *Warner* v. *Blakemen*, 4 Abb. Ct. of App. Dec., 530; S. C., 4 Keyes, 487.) The only question therefore for consideration is whether a case was made by the complaint and upon the evidence for the interference of the court. It is not expressly averred in the complaint that the judgment was fraudulent in fact, or that the officers of the corporation colluded with the plaintiff in suffering it to go by default ; but there were facts averred which, if proved, authorized the inference that the judgment was without consideration, and fraudulently and collusively obtained. This is sufficient after judgment.

If the complaint was technically defective, the objection should have been taken by demurrer, or otherwise, before issue upon the facts. (*Bate* v. *Graham, supra; Lounsbury* v. *Purdy*, 18 N. Y., 515.) The facts substantially as proved upon the trial, and found by the court, were averred in the complaint, although the precise and particular charge of fraud, as the ground of relief is not specifically, and in terms, put forth. It was not necessary to employ the word " fraud," or " fraudulent " in order to characterize the transaction or specify the ground of relief. (*Warner* v. *Blakeman, supra; Maher* v. *Hibernia Ins. Co.*, 67 N. Y., 283.) The trial court has found that the judgment was without consideration, and was suffered to be entered by default, by fraud and collusion between the plaintiff therein, and the officers and trustees of the corporation.

The recovery was for moneys claimed to be due upon the sale of the right secured by patent to manufacture, use, and sell to others " Smith's Excelsior Hay Slings and Carrier." The agreement for the sale and the sale was evidenced by three several instruments, all bearing the same date, and which are found to have been executed at the same time, and

which must, therefore, be read and construed as one instrument, and as together, constituting the agreement between the parties. (*Marsh* v. *Dodge*, 66 N. Y., 533.) The first paper in order is a transfer of the right to make, use and sell the patented machine, in consideration of $10,800 in hand paid by the corporation, and "the further consideration of $14,200 to be paid by said company, and for other valuable considerations by them granted," signed only by Delaney, the grantor. The second paper in order is a power of attorney from the corporation to Delaney, irrevocable until the latter shall have received the full compensation "by said transfer, and the contract under which it was made," to sell, assign and transfer all the title and interest of the company in the patent rights and the patented machinery, with full power of substitution, etc. The other paper is signed by both parties, reciting the agreement of the company to pay to Delaney, for the rights transferred, 500 shares of the capital stock of the corporation, and the sum of $25,000, of which there had been already paid $10,800, and reciting, also, the irrevocable power of attorney to Delaney, followed by the agreement of the parties that the company should receive all the proceeds of sales which Delaney should make, less the expenses of the latter, until the company should be fully reimbursed from such sales, and the sale of the stock of the company, the $10,800 paid to Delaney; that thereafter Delaney should be entitled to one-half of all proceeds that might come to his hands until the $14,200 should be fully paid him, and that all the balance should be paid over to the company. Although, by reason of the fact that the agreement has to be collected from the three instruments, and the first two being given for a special purpose, the terms and conditions of the agreement, with all its limits of liability and obligation, do not appear, the intention of the parties is quite manifest, when the third paper, which alone professes to state the terms of the agreement, is considered. The company, after having issued to Delaney certificates for $50,000 of its capital stock, only put at risk the $10,800 paid at the time of the

consummation of the transaction, and that risk was only upon the contingency of a sale of stock, and of the rights under the patent to that amount, for it was to be repaid from the first sales, and after that the company was entitled to share with Delaney in the proceeds of sales until Delaney should receive his $14,200, when his individual rights to the patent were to cease.

In form it was a sale of the patent for $25,000, but the payment of all but the sum first paid was dependent upon its being made from one-half of the proceeds after the company had been fully reimbursed for the amount first advanced. When the undertaking of the company was reduced to form it was merely a consent to pay to the amount of one-half the proceeds of the sales, or that Delaney might retain such a portion of the funds, to a given amount, after the company should be reimbursed and indemnified for all that it had paid. If an absolute obligation on the part of the company to pay the whole $25,000 had been intended, it would have been so stated, and the right to a reimbursement of the portion actually paid, before Delaney could recover anything, would not have been secured; neither would the right of Delaney, after the reimbursement of the company, have been limited to one-half the proceeds of sales. The parties provided, in express terms, in what way and from what sources the $14,200 should be paid, and a promise to pay in any other way will not be implied. A promise to pay on request, as now sought to be implied, would be entirely inconsistent with the terms of the contract and the mode of payment provided, and the rights of the parties secured by the instrument. The learned judge was right in his determination that there was nothing due Delaney from the corporation, on the contract, at the time of the commencement of his action, and that there was no cause of action. There was no finding, or any request to find, that the written instruments in evidence did not constitute the agreement between the corporation and Delaney, or that there was any other or different agreement in respect to the payment of the consideration for the sale of

the rights transferred than was evidenced by the paper writings, or that they did not contain the agreement, and all the terms of the agreement as finally consummated. There was no evidence to impeach the written instruments, or discredit them as evidence of the actual agreement of the parties. The evidence warranted the finding as a fact that the judgment was suffered to pass against the company by default, by collusion of the officers and trustees of the company with Delaney. The service of the summons and complaint was brought to the notice of the board of trustees by the officer upon whom they were served, and with the assent of the board delivered to the attorney of Delaney to protect the interests of the company. It was but a re-delivery of the process to the plaintiff himself, as his attorney was but his *alter ego*, so that the trustees and representatives of the stockholders put the defense of the action, and the protection of the rights of the corporation, in the hands of the plaintiff in the suit, its assailant, who was also one of the trustees. There could be no better or higher evidence of the want of fidelity to their trusts, on the part of the officers of the company, or of their complicity and collusion with Delaney. The court having jurisdiction of the cause of action, and of the parties, very properly not only granted the particular relief sought, and vacated the judgment, but also passed upon the merits of the claim of Delaney, and definitely disposed of it. The court necessarily, in giving judgment for the plaintiff, interpreted the agreement of Delaney and the corporation, and adjudged that there was no debt due from the latter to the former, or any obligation to pay the amount for which the recovery was had, and such adjudication of matters directly in issue would have barred any future action against the plaintiff for the recovery of the amount claimed, and all proceedings against the funds in his hands. But were it otherwise the court, in finally and formally adjudicating upon the validity of the claim, and perpetually restraining the defendants from enforcing it against the plaintiff as receiver, only recognized and acted upon the well-established and familiar rule that courts

of equity, having jurisdiction of the person and of the subject-matter of a litigation for one purpose, will retain it for all purposes, and grant such relief as is called for by the whole case. It is not the practice of the court to grant partial relief, leaving an open door for further litigation, when full relief can be granted, and every question settled in the one action. (Story's Eq. Jur., §§ 64, *et seq.* 71; *Armstrong* v. *Gilchrist*, 2 J. Cas., 424; *King* v. *Baldwin*, 17 J. R., 384.)

The action was for equitable relief, and properly tried by the court. But if a trial by jury was the right of either party, it was waived by not being demanded at the proper time.

The judgment must be affirmed.

All concur.

Judgment affirmed.