BIEN *et al. v.* ABBEY *et al.*

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

ASSUMPSIT—WORK AND LABOR—PLEADING AND EVIDENCE.

    A complaint alleged that plaintiffs, at defendants' request, performed services and furnished materials in making certain lithographs at an agreed price. The answer contained a general denial. At the trial, it appeared that the contract was that the lithographs should be "as per sketches" submitted. *Held.* that, as the

complaint did not set out the whole contract, defendants, under their general denial, might avail themselves of the part omitted; and that it was error to refuse to charge that, if the lithographs were not according to the sketches, plaintiffs could not recover on the agreement.

Appeal from city court, general term.

Action by Julius Bien and William M. Franklin against Henry E. Abbey, John B. Schoeffel, and Maurice B. Grau. Defendants appeal from a judgment of the general term of the city court affirming a judgment of that court for plaintiffs entered on the verdict of a jury, and affirming an order denying a motion for a new trial.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*A. J. Dittenhoefer* and *David Gerber,* for appellants. *Franklin Bien,* for respondents.

BISCHOFF, J. The judgment appealed from should be reversed, and a new trial ordered. The complaint alleged that plaintiffs, at the special instance and request of the defendants, performed work, labor, and services, and furnished materials, together of the agreed price of $800, and that the same consisted of lithographic sheets designed for use in a theatrical play known as "Anthony and Cleopatra;" that defendants were entitled to a credit of $328.96, and were indebted in a balance of $471.04. Defendants denied the performance of such work, labor, and services, and the furnishing of such materials, as well as any indebtedness due the plaintiffs whatever; and, as a further and specific defense, alleged an agreement whereby defendants were to accept and pay for such of the lithographs mentioned in the complaint as defendants in their discretion might require; that under said agreement defendants received $328.96 worth of such lithographs, which sum was duly paid.

Plaintiffs based their right to recover on the following contract, which they offered in evidence:

"OFFICES OF ABBEY, SCHOEFFEL & GRAU, 1212 BROADWAY, NEW YORK.
"JAN. 26TH, '89.

*"Central Litho. Company*—GENTLEMEN: Please furnish five thousand, each three full sheet, lithos., in four printings, as per sketches, at 8c. each, to be paid for, as used, in one year.

"ABBEY, SCHOEFFEL & GRAU.
"Per C. A. SCHROEDER."

And they were on the trial permitted to show that the lithographs made corresponded to the sketches submitted, and that defendants had expressed their approval of the work. Defendants, on the other hand, sought to prove, and introduced evidence to that effect, that the work done was not in accordance with the sketches, and that this was conceded by the plaintiffs. At the close of the trial defendants' counsel requested the court to charge the jury "that on the evidence introduced, both by the plaintiffs and defendants, if the jury find that they [the lithographs] were not according to the sketches, the plaintiffs cannot recover even under that agreement;" to which the trial justice replied: "That I shall decline to charge upon the ground that there is no such issue." To this refusal an exception was duly taken. Defendants were entitled to the instruction requested, and the refusal to submit to the jury the question whether or not the work sued for was done in compliance with the sketches was tantamount to a refusal to submit the question of plaintiffs' performance or non-performance of the agreement sued upon. The complaint did not set out all of the contract of employment, and under their general denial the defendants were entitled to put in evidence the part omitted. *Marsh* v. *Dodge,* 66 N. Y. 533. That having been done, performance in the manner required by the contract became a condition precedent to plaintiffs' right of recovery, and under their general denial the defendants were entitled to show that the work performed by plaintiffs was not the work

for which defendants had agreed to pay. A general or specific denial does not authorize proof of new matter constituting a defense, but under it the defendant may give in evidence anything which shows, or tends to show, that the evidence relied upon by the plaintiff to establish a fact necessary and material to his recovery is untrue. *Schaus* v. *Gas-Light Co.*, 45 How. Pr. 481; *O'Brien* v. *McCann*, 58 N. Y. 373. The error above pointed out is sufficient to entitle defendants to a reversal of the judgment appealed from, and renders the discussion of other exceptions unnecessary. Judgment and order appealed from reversed, and new trial ordered, with costs to abide the event.

All concur.