(6 Misc. Rep. 209.)

SWAIN v. THOMPSON et al.[1]

(City Court of New York, General Term. December 8, 1893.)

STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED IN A YEAR.

    A contract for employment for a certain number of weeks, "perhaps a year," is not a contract to employ for a year, within the statute of frauds. Haines v. Thompson, (Com. Pl. N. Y.) 21 N. Y. Supp. 991, followed.

Appeal from trial term.

Action by Charles W. Swain against Denman Thompson and George W. Ryer. There was judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

Browne & Sheehan, for appellants.

Dittenhoefer, Gerber & James, for respondent.

McCARTHY, J. There is a marked dispute between the parties as to the terms and conditions of the contract. It is conceded that an agreement was made between them, but they differ widely as to its details. When the evidence is conflicting, it becomes a question of fact for the jury, and all the circumstances were submitted to the jury under proper instructions by the trial justice. They, by their verdict, have found the contract as claimed by the plaintiff, and we cannot disturb this finding, unless for some error of law.

The question of the statute of frauds has been determined adversely to the appellants in the able opinion of Bischoff, J., in Haines v. Thompson, (Com. Pl. N. Y.) 21 N. Y. Supp. 991, and this we must follow.

The objection sustained to evidence of a contract, and terms thereof, made with different members of the company, was certainly correct. It was not the proper way of proving a custom or usage or understanding in the profession, so as to be binding, or form part of

[1] Affirmed. See 26 N. Y. Supp. 1132, mem.

a contract. See Walls v. Bailey, 49 N. Y. 464, 468, 470. Each of these witnesses testified that the two-weeks notice was specially agreed to by each of them, and this was simply an effort to show that the defendants had made contracts with others. This was immaterial, and not binding on the plaintiff. The question here is, what was the contract between the plaintiff and defendants, and whether there was any custom or usage in the profession, as to a notice and right of the defendants to terminate such engagements, and was the contract made with reference to, or with knowledge of, this custom or usage? The evidence proposed and objected to did not, as said before, tend in that direction.

After a careful review and examination of the points suggested by the appellants, we are of the opinion that no error has been committed, and that this judgment should be affirmed, with costs.