[Civil No. 374.   Filed January 16. 1894.]

[36 Pac. 34.]

# THE SAN PEDRO CATTLE COMPANY, Plaintiff and Appellant, v. G. M. WILLIAMS, Defendant and Appellee.

1. JUDGMENT—DEFAULT—SUIT TO SET ASIDE—SERVICE ON AGENT—COLLUSION.—In a suit in equity to have a former default judgment declared void, and for other equitable relief, it is error for the trial court to refuse to allow plaintiff to defend the original suit at law where it appears that appellant herein (defendant in the original suit) was a foreign corporation; that it had filed its appointment of its lawful agent of record in the county in which it did business; that such agent was its general manager when appointed, but was discharged six months prior to the filing of the first suit, though his appointment was not revoked of record until after that suit was filed; that he thereupon removed to another county and a new general manager was employed; that appellee was the son-in-law of the former manager, and, having full knowledge of the facts, commenced suit, served summons on his father-in-law, and took judgment by default the day after time to answer had expired, and before appellant had actual knowledge it was sued; that appellant filed its motion to set aside the default judgment as soon as it knew the same was entered, but the term of court adjourned before this motion was disposed of, and the appellant was deprived of the right to settle a bill of exceptions and appeal from the action of the court; that at another term it endeavored to get the judgment set aside, but failed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Richard E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

Frank H. Hereford, for Appellant.

Selim M. Franklin, for Appellee.

HAWKINS, J.—The appellant sued in the court below, asking that appellee be restrained from enforcing a certain judgment against it, rendered by default on October 24, 1890, (being cause No. 1866,) and that the same be declared void,

and for equitable relief. The transcript on appeal is voluminous, and numerous errors are assigned and attempted to be pointed out by appellant in his brief. He relies, first, on the seventh assignment, that the court erred in not finding from the evidence in the case that the plaintiff was entitled to have the judgment and default rendered in cause No. 1866 set aside and vacated. We will only consider this assignment.

It appears in the record that the appellant, a corporation organized under the laws of Missouri, with its principal office in that state, had for years been engaged in the cattle busi-) ness in Pinal County, Arizona. In 1885 it filed, according to the statute, the lawful appointment of Justin C. Waterman as its agent of record, upon whom service of process could be made, with the county recorder of said Pinal County. This appointment remained on file, unrevoked of record, up to and including October 23, 1890. During these years, and up to March, 1890, Waterman lived in Pinal County, and was in the employ of the corporation appellant, as its general manager. In March, 1890, he was discharged as general manager, and moved to Pima County, Arizona. He remained in the employ of the company about three months longer. Some time in March, 1890, F. M. McKinney was employed as general manager of said corporation's cattle business, but he was not made agent of record, Waterman's appointment continuing to be the only one of record. In October, 1890, appellee filed an action (cause No. 1886) for damages against appellant in Pima County. On October 13, 1890, summons was served upon Waterman, as agent of appellant; and on the 24th of the same month judgment by default was taken against appellant. Waterman at these times was not in the employ of appellant. He was father-in-law of the appellee, and the fact of his having severed his connection with the company appears to have been known to appellee, as well as the fact that McKinney had succeeded Waterman as general manager of the affairs of the corporation. This judgment was rendered by default in eleven days after service of summons on Waterman, and before plaintiff actually knew it was sued. It filed a motion to set aside the default judgment as soon as it knew the same was entered. The term of court adjourned before this motion was disposed of, and the corporation was deprived of the right to settle a bill of

exceptions and appeal from the action of the court. At another term it endeavored to get the judgment set aside, but failed. Then this action was brought.

Courts of equity will not grant relief where a defendant has an adequate defense at law; but if he has had no opportunity to present his defense, or if prevented from making it by fraudulent acts of plaintiff, such relief will be granted in equity. *Whittlesey* v. *Delancy,* 73 N. Y. 575. We think the facts of plaintiff suing in Pima County, a county and district other than the one in which the corporation was doing business, and serving summons on Waterman, plaintiff's father-in-law, and entering the default judgment before the company knew it was sued, are facts sufficient for a court of equity to grant relief against the enforcement of the judgment, and allow a defense to be set up to the original action. As the law case will have to be tried, we do not see that it is necessary for us to pass upon the question of venue or the agency of Waterman. We think the court erred in not granting plaintiff permission to defend the suit at law. It is therefore ordered that the judgment be reversed, and the lower court ordered to set aside the judgment and default entered in cause No. 1886 therein, of *Williams* v. *San Pedro Cattle Co.,* and allow the defendant company in said action and appellant herein to plead and defend the same.

Baker, C. J., and Rouse, J., concur.