ANDERSON v. FARNS.

Debt before a justice of the peace on a bond in the penalty of 500 dollars. The plaintiff claimed 50 dollars in damages. *Held*, that the justice had jurisdiction.

A bond to indemnify an officer against a lawful or an apparently lawful act is valid. *Aliter*, if the act be unlawful.

ERROR to the *Randolph* Circuit Court.

DEWEY, J.—Debt before a justice of the peace by *Anderson* against *Farns*. The statement of the plaintiff's demand was a bond against the defendant, in the penalty of 500 dollars, and conditioned, after reciting that the plaintiff, a constable, had levied certain executions on certain property as belonging to the defendant and a certain other person, (which property had been given up by the defendant,) that the defendant should indemnify and save harmless the plaintiff from all penalties, costs, damages, attorney's fees, and expenses, arising from the seizure and sale of the property. The plaintiff's demand was limited to 50 dollars in damages sustained by a breach of the condition of the bond, as appeared by a bill of particulars filed with the bond. On appeal to the Circuit Court, the action was dismissed for the want of a sufficient statement of the plaintiff's demand.

The decision of the Circuit Court is attempted to be sustained on two grounds: 1st, that the plaintiff's demand was above the jurisdiction of the justice of the peace; and, 2ndly, that the bond is void upon its face.

Neither objection is well founded. We have repeatedly decided that justices may take cognizance of bonds, the penalty of which is over 100 dollars, if the amount actually claimed by the plaintiff is under that sum. *Washburn et al.* v. *Payne*, 2 Blackf. 216. In this cause the plaintiff claimed but 50 dollars in damages; and the justice, therefore, had jurisdiction of the cause.

There is nothing on the face of the bond to impeach its validity. Its object was to indemnify the constable against the consequences of the seizure and sale of property on executions. The property was taken as belonging to the defendant and a certain other person; and there is nothing in the recital in the condition of the bond to show that the taking and sale of the property were illegal acts. A bond to indem-

nify an officer against lawful or apparently lawful acts, is valid; but it is otherwise if the act be illegal. Chitt. on Cont. 527.—*Blackett* v. *Crissop*, 1 Ld. Raym. 278, *per Powell*, justice. See, also, *Wright* v. *Verney*, 3 Dougl. 240. There might have been so much doubt as to the ownership of the property levied on, as to render it prudent for the constable to accept the bond, and there is nothing in public policy which forbade his doing so; nor is there any want of consideration for such a bond. Chitt. on Cont. *supra*.

The Circuit Court erred in dismissing the action.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Brownlee* and *B. M‘Clelland*, for the plaintiff.

*J. Smith*, for the defendant.