JAMES O'BRIEN, late Sheriff, Respondent, *v.* JAMES McCANN et al., Appellants.

58  373
127  376

In an action by a sheriff upon a bond indemnifying him for a levy and sale under an execution, where a recovery has been had against him by a third person claiming the property sold, it is proper for the defendants to prove, in mitigation of damages, the amount received by the sheriff upon the sale, and the *onus* is then upon him of showing that he has paid, or is liable to pay, any portion of the receipts to another.

The presumption that public officers have done their duty does not apply in such case.

The sureties in the bond are entitled to avail themselves of this proof, although the principal does not defend.

The evidence is proper under a general denial in the answer.

(Submitted June 19, 1874; decided September 29, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was upon an indemnity bond given by defendant Quinn as principal, and defendants McCann and Crowley as sureties, to the plaintiff, who was at the time sheriff of the county of New York, indemnifying him for levying upon personal property by virtue of an execution in his hands in favor of Quinn against one Montgomery.

Plaintiff alleged in his complaint, and proved, that he levied upon and sold the property; that an action was commenced against him by one Day, who claimed to own the property levied upon, for a conversion thereof, in which action a judgment was recovered against plaintiff for $1,301.97, which judgment, together with costs and expenses amounting to $344.35, plaintiff paid. Quinn did not defend. The other defendants answered, admitting the official character of the plaintiff, the execution of the bond, and denying generally the other allegations of the complaint. Said defendants offered to prove, in mitigation of damages, that the property levied upon realized upon the sale by plaintiff the sum of

$1,000. This evidence was objected to and excluded, and defendants excepted. Further facts appear in the opinion.

*D. T. Robertson* for the appellants. The condition of the bond is satisfied by reimbursing to plaintiff his actual loss. (*Gilbert* v. *Wiman*, 1 N. Y., 550; *Aberdeen* v. *Blackman*, 6 Hill, 324; *Jackson* v. *Post*, 17 J. R., 482; *Cutler* v. *Southem*, 1 Saund., 116; *Douglas* v. *Clark*, 14 J. R., 177; *Churchill* v. *Hind*, 3 Denio, 321.) The proof offered was proper under a general denial. (*Schermerhorn* v. *Van Allen*, 18 Barb., 29; *Quin* v. *Lloyd*, 41 N. Y., 349; 4 E. D. Smith, 172; 31 Barb., 534; 41 N. Y., 116; *Watt* v. *Watt*, 2 Robt., 688; *Travis* v. *Barger*, 24 Barb., 614; 12 Abb., 52; *Wehle* v. *Butler*, 34 N. Y. Sup. C. [J. & S.], 215.)

*Brown, Hall & Vanderpoel* for the respondent. The evidence excluded was not admissible under a general denial. (*McKyring* v. *Bull*, 16 N. Y., 297; *Field* v. *The Mayor*, 6 id., 189; *Texur* v. *Gonin*, 5 Duer, 389.) The offer was insufficient, as it was not offered to show that plaintiff had not paid over the proceeds of sale, the presumption is that he did his duty. (*Hartwell* v. *Root*, 19 J. R., 345.) If not paid over, Quinn, not his sureties, could avail himself of it in mitigation. (*Churchill* v. *Hunt*, 3 Denio, 321.)

GROVER, J. The only question in this case is, whether the proof offered by the defendants, that the plaintiff received upon the sale of the property $1,000, was properly rejected by the court. This ruling the counsel for the respondent seeks to sustain upon various grounds: First. That the law presumes that public officers have done their duty, and as it was the duty of the plaintiff to apply the money received upon the sale upon the execution and pay the same to the plaintiff therein, who was one of the obligors upon the bond in suit, the offer of the defendants should have gone further, negativing such presumption. This position cannot be maintained. True, the law presumes where the omission to

do a specified act would be a culpable breach of duty, that such act has been done. (*Hartwell* v. *Root*, 19 J. R., 345.) But this does not apply in actions against sheriffs and other ministerial officers for the recovery of money collected by them upon executions. The *onus* in such cases is upon the officers to show the payment. Besides, in this case, the execution was for about $500 only, while the defendants offered to show that the proceeds of the goods amounted to $1,000. The whole of this amount could not have been applied upon the execution and the fees of the plaintiff as sheriff in its collection.

The counsel further insists that as Quinn did not defend the action, the appellants, his sureties, could not reduce the recovery against them by the proof offered, though conceding that Quinn might, had he defended the action. The bond was conditioned to indemnify the plaintiff against all damages, expenses, etc., he might be subjected to by levying, etc., upon the property therein specified. All the plaintiff could recover against either Quinn or his sureties was the amount of such damages and expenses, less such amount as he had received which he had not or was not liable to pay to any other person. The recovery against the plaintiff for the property established that he was not liable to pay any part of the money to the defendant in the execution, or to any person other than Quinn, and this recovery would constitute a defence to an action thereafter brought by Quinn against him for the money, if the latter had notice of the action against the sheriff and an opportunity to defend; as in that case the judgment would be conclusive that the property was not that of his execution debtor. The case would then stand thus: The plaintiff had been compelled to pay the amount of the judgment recovered against him. To this extent he was *prima facie* entitled to recover. But, upon the proof offered, he had in his hands $1,000, proceeds of the sale of the property levied upon by him. He was not, therefore, damnified to the amount he was obliged to pay, having in the transacaction received this $1,000. This, less the amount of fees

upon the execution deducted from such amount, would have been a complete indemnity to the plaintiff, and to do this was the extent of the liability of the appellants as sureties for Quinn upon the bond. They had, therefore, the right to give the evidence, if competent, under the answer. That, so far as relates to this question, was a general denial of the complaint. Under such an answer the defendant may introduce evidence to disprove, wholly or in part, any fact which the plaintiff must establish to show a cause of action. In this case the plaintiff was bound to show the amount of damages sustained by him by performing the acts against the consequences of which he was indemnified by the appellants. He proved this by showing the recovery of the judgment against him and its payment, and the costs and expenses incurred in defending the action. This showed *prima facie* that he had sustained damages to this extent, but the proof offered would have showed that he had not. That, in the performance of these acts, he had received $1,000, which he had in his hands and had a right to retain. It is obvious that his damages were less to the extent of this amount, after deducting therefrom his fees upon the execution. This controverted a fact which the plaintiff was required to establish to maintain his action, namely, the amount of the damages sustained. This, as we have seen, the defendant had the right to do under a general denial. It matters not that the proof, to show that the damages were less than the proof on the part of the plaintiff tended to show, consisted of additional facts as to which the plaintiff had given no evidence. The fact the plaintiff was required to prove was the amount of his damages, and this the defendant had the right to controvert by any competent evidence upon the question. The evidence offered was competent upon that fact, and for the error in rejecting it the judgment must be reversed and a new trial ordered, costs to abide event.

All concur.

Judgment reversed.