No. 10,299.

ALLWEIN, SHERIFF, *v.* SPRINKLE ET AL.

SHERIFF.—*Indemnity Bond.*—A sheriff who has levied an execution is not bound unconditionally to defend his levy, and may take from the party concerned an indemnifying bond.

SAME.—Such indemnifying bond is not statutory, but a common-law undertaking.

From the Huntington Circuit Court.

*T. R. Marshall, W. F. McNagny* and *T. G. Smith,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellees.

WOODS, C. J.—Action by the appellant upon an undertaking conditioned as follows: " Whereas Henry S. Sprinkle, as administrator of the estate of Catharine Shoemaker, deceased, did, upon the 12th day of May, 1881, in the Whitley Circuit Court, recover judgment against David Shoemaker in the sum of five hundred and fifty-six and $\frac{54}{100}$ dollars and costs of suit taxed at seventy-five and $\frac{73}{100}$ dollars, upon which judg-

ment an execution was duly issued from the clerk's office of the Whitley Circuit Court, in and for Whitley county, Indiana; and whereas Franklin P. Allwein, as sheriff, by virtue of said writ of execution, did, upon the 12th day of September, 1881, levy the same upon the following described property, taken as the property of David Shoemaker, to wit:" (description); "and whereas Adam Burwell has brought suit against the said Franklin P. Allwein in the Whitley Circuit Court to replevy the following portion of said property:" (description); "and whereas Jesse S. Runyan has brought suit against the said Franklin P. Allwein in the Whitley Circuit Court to replevy the following portion of said property:" (description): "Now, if the said Franklin P. Allwein shall duly defend said causes, and the said Henry S. Sprinkle shall pay all costs and damages that may be awarded against the said Franklin P. Allwein in said replevin suit above set out, and in such cause, this bond shall be void, else in full force in law and equity."

It is alleged in the first paragraph of the complaint, that the plaintiff did duly but unsuccessfully defend the causes referred to, and that judgments for damages and costs were rendered against him, which the defendant Sprinkle had failed to pay. The court sustained a demurrer for want of facts to the paragraph, and upon this ruling the appellant has assigned error. Counsel for the appellees insist that the appellant, as sheriff, had no right to exact or receive the bond, and that the bond is null and void, because, under the statute, R. S. 1881, sec. 719, it was the sheriff's duty to levy and to make an offer to sell within sixty days after receiving the writ, and that, having levied, he was bound to defend his possession against adverse claimants; that a bond taken by an officer acting under a statutory power must be authorized by the statute, or it will be void; that a bond, exacted by an officer when he has no authority to require it, is void, *Benedict* v. *Bray*, 2 Cal. 251; that a bond can not be taken to

indemnify an illegal act, such as, according to the complaint, the levy in this case was found and adjudged to be.

Whatever may be the merits of these propositions, they are not, in our judgment, applicable to the case.   Conceding that a sheriff may not ask or receive an indemnity for doing a plain duty, it does not follow that he may not, in consideration of an indemnity, undertake to do more than he was bound as an officer to do; and such is the case made by the complaint. The appellant was not bound to defend his levy; though having made it, it may be presumed against him, that, under the circumstances existing and known to him at the time, it was his duty to make it.   Suits having been brought to recover the property from him, his duty to the execution plaintiff at most required only that he give notice of the suits to the plaintiff or his attorney, and permit a defence to be made in his name.   Whether under all circumstances he would be bound, without indemnity, to permit such defence, we need not and do not decide; but we deem it unquestionable in such a case that it is competent for the parties to agree, as was done in this instance, that the sheriff shall himself "duly defend the causes," and that the owner of the writ or his representative will pay whatever costs and damages may be adjudged against the officer. No principle of public policy is violated; and, whether the ends of private convenience and right may be subserved, the parties concerned, in each case, should be permitted to judge.

"The general rule is, that wrong-doers shall not have contribution one from another.   The exception is, that a party may, with respect to innocent acts, give an indemnity to another which shall be effectual; though the act, when it came to be questioned afterwards, would not be sustained in a court of law against third persons who complained of it.   If one person induce another to do an act which can not be supported, but which he may do without any breach of good faith or desire to break the law, an action on the indemnity, either express or implied, may be supported.   Thus, where the title to property is disputed, an agreement by persons interested

to indemnify the sheriff for serving or neglecting to serve an execution upon the property, if made in good faith, and with intent to bring the title more conveniently to a legal decision, is clearly valid." 2 Greenl. Ev., sec. 115.

If such agreement may be made before levy, for the purpose of bringing the disputed title to a legal decision, an agreement made after levy and after the institution of suit by an adverse claimant may just as well be upheld and enforced. In *Anderson* v. *Farns,* 7 Blackf. 343, it was held that "A bond to indemnify an officer against lawful or apparently lawful acts, is valid; but it is otherwise if the act be illegal."

A sheriff or constable is bound to perform his duty according to law without bond of indemnity; *Bosley* v. *Farquar,* 2 Blackf. 61; *State, ex rel. Lines,* v. *Sandlin,* 44 Ind. 504; but, at the same time, "If an indemnity is offered, or given, the sheriff may be, and is, required to do many things that he would be justified in not doing if there was no indemnity; and if he refuses an indemnity, when offered, he will be held liable in many cases where he would be otherwise excused." *Bayley* v. *Bates,* 8 Johns. 185; *VanCleef* v. *Fleet,* 15 Johns. 147; 3 Stark. Ev. 1344; Gwynne Sheriffs, 260, 261; *Bond* v. *Ward,* 7 Mass. 123; *Richards* v. *Gilmore,* 11 N. H. 493; *Fitler* v. *Fossard,* 7 Barr, 540; *Chamberlain* v. *Beller,* 18 N. Y. 115; *Griffiths* v. *Hardenbergh,* 41 N. Y. 464; *O'Brien* v. *McCann,* 58 N. Y. 373.

The bond in question is a voluntary common-law obligation, and, consequently, does not come within the rules peculiar to statutory bonds. The fact that the principal obligor was an administrator, acting in a fiduciary capacity, is no reason why he and his sureties should not be bound by their undertaking made in their individual or personal capacities; and there is no reason why the appellant should be driven to pay off the damages and costs adjudged against him, and seek a remedy against the estate.

Judgment reversed, with instructions to overrule the demurrer to the first paragraph of the complaint.