### ELWELL *v.* FABRE.

(*Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. DISMISSAL OF SUIT—INSUFFICIENCY OF EVIDENCE.
   Although, upon the plaintiff's resting, the proof is insufficient to sustain his case, yet, if either party thereafter supply the necessary evidence, such defect will be cured.

2. CONSTRUCTION OF CONTRACT.
   The defendant, a ship-owner, contracted to send all ships of his "line" to the plaintiff's pier. In an action for failure to send the ship Iberia to plaintiff's pier it appeared that she belonged to defendant, but was under contract of affreightment to a London firm; the captain, crew, and ship being, however, under control and direction of defendant. *Held,* that the ship was properly found to belong to defendant's "line" within the meaning of the agreement between the parties.

3. COUNTER-CLAIM—EVIDENCE—PLEADING.
   In such action the defendant counter-claimed for defects in plaintiff's pier causing him extra expense. At the request of plaintiff the court charged that the jury should take into account extra facilities afforded defendant, offsetting his extra expense, to which charge the defendant made no exception. *Held,* that there was no error, such evidence being admissible under the plaintiff's general denial of the counter-claim, but, if there were, the objection could not be raised for the first time on appeal.

Appeal from trial term.

Action by John D. Elwell against Cyprien Fabre to recover damages for the defendant's failure to send a ship of his "line" to the plaintiff's pier, according to the terms of a contract between the parties. The defense was that the said ship was not of the defendant's line, being under contract of affreight-

ment to a third party; and a counter-claim for expenses incurred by reason of a defect in the plaintiff's pier. The plaintiff offered evidence of extra facilities extended to the defendant on account of the defective pier. There was a verdict and judgment for the plaintiff, and the defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Robert D. Benedict,* for appellant. *Eustace Conway,* for respondent.

BISCHOFF, J. While it appears from the case on appeal that at the close of the trial defendant moved for a new trial upon the grounds specified in section 999 of the Code of Civil Procedure, that such motion was denied, and that the notice of appeal states that the appeal is from the judgment as well as from an order denying a new trial, no such order is presented to us. Waiving that matter, however, and considering this appeal as from the judgment and order described, we can discover no sufficient ground for their reversal. Assuming the learned trial justice to have been in error in refusing to dismiss the complaint when plaintiff rested, for insufficiency of proof, such a defect would have been sufficiently cured to render defendant's exception of no avail if either party thereafter supplied the necessary evidence. *Painton* v. *Railroad Co.,* 83 N. Y. 7. When the evidence was closed it appeared from the testimony of witnesses and the documents introduced that the defendant, trading under the firm name of Cyprien Fabre & Co., entered into a written agreement with plaintiff, whereby he promised and agreed that during the year 1888 all steamers belonging to his "line" at New York or Brooklyn should be sent to plaintiff's pier, and that for the use of such pier he would pay a specified daily rent; that the steamer Iberia arrived at New York on June 17, 1888, and remained until July 4th following, without having been sent to plaintiff's pier; that upon her arrival she was sailing under the colors usually displayed by defendant's steamers, was taken charge of by defendant's agents, Messrs. James W. Elwell & Co., one of whom told plaintiff that the Iberia would probably receive her outward freight at his pier. It also appeared that the Iberia was the property or under control of the defendant; that she was under a contract of affreightment to Phelps Bros. & Co., of London, which contract had been entered into between the latter firm and the defendant, and that the captain and crew were the employes and under the direction of the defendant or his agents. Except in trivial respects these facts were wholly uncontradicted, the sole contention of the defendant having been that the Iberia did not belong to the "line" of steamers mentioned in the agreement. From the agreement, however, it did not appear that at the time it was entered into defendant was operating more than one "line" of steamers, or that only the steamers of a particular "line" belonging to him were intended to be affected thereby. We think, therefore, that the facts proved would justly sustain a finding that the Iberia belonged to the defendant's "line," and was among those for which the use of plaintiff's pier was contemplated by the agreement. The facts were properly submitted to the jury, and being, as above stated, mainly uncontradicted, we cannot say that their finding that the Iberia was within the agreement was either contrary to law, or contrary to the evidence, or against the weight of evidence.

Respecting the defendant's counter-claim, the trial judge charged the jury that the facts proved by defendant entitled him to a recovery; that the amount of such recovery should be determined by them, and that they should deduct the sum found due the defendant from the amount found due to the plaintiff. At the request of plaintiff's counsel the judge further charged that, in arriving at the amount to be awarded to the defendant upon the counter-claim, the jury should take into consideration the additional facilities extended to the defendant by the plaintiff for the loading and unloading of his steamers during the time that the pier was undergoing repairs. No exception was taken to this part of the charge, and, the jury having specifically found that any damage which had accrued to the defendant from the lack of sufficient room and for

extra labor while the pier was being repaired was offset by the additional fa-cilities extended by the plaintiff, it is unavailing to urge on appeal that the offer and acceptance of these additional facilities were not pleaded as a defense, or in mitigation of damages, or that there was no evidence to support the charge. The objection should have been made while an opportunity for the correction of the supposed error still remained. *Mallory* v. *Railroad Co.*, 3 Abb. Dec. 139; *Osgood* v. *Toole*, 60 N. Y. 475. But it was not error for the trial justice to charge the jury that they should consider the benefits derived by defendant from any additional facilities afforded him by the plaintiff. In view of his liability to the defendant it was incontestably the plaintiff's right to seek to reduce the damage by any means acceptable to the defendant; and if, from the acceptance and use of such means, the defendant derived any ad-vantage which tended to diminish the damage which he would otherwise have sustained, the plaintiff was entitled to be credited therewith in the computa-tion of defendant's loss, and such facts were admissible under plaintiff's gen-eral denial interposed to defendant's counter-claim. *O'Brien* v. *McCann*, 58 N. Y. 373. Plaintiff's testimony, not objected to or struck out, shows that during the time the pier was being repaired defendant occupied without ad-ditional expense another pier, the use of which was furnished by the plaintiff, and this evidence was sufficient to support the charge. The other exceptions to the rulings on the trial were not specially urged on the argument of this appeal, and are not of sufficient merit to authorize us to disturb the proceed-ings of the court below. The judgment and order appealed from shall be af-firmed, with costs, upon plaintiff filing a stipulation consenting to the affirm-ance of such judgment upon his cross-appeal in this action. See *Goodsell* v. *Telegraph Co.*, 109 N. Y. 147, 16 N. E. Rep. 324. All concur.