ROBERT W. MILBANK, Appellant, *v.* MORGAN JONES, Respondent.

A general denial in the answer in an action on a contract puts in issue simply all matters which plaintiff is bound to prove to make out his cause of action; in order to avail himself of facts not appearing upon the face of the contract to establish its invalidity, the defendant must plead them.

Where, therefore, the complaint in such an action set forth and the plaintiffs proved a contract valid upon its face, *held*, that defendant was not entitled, under his answer, which was simply a general denial, to give evidence tending to show that the contract was against public policy, and so illegal.

*Russell* v. *Burton* (66 Barb. 539);' *Oscanyan* v. *Arm Co.* (103 U. S. 261); *Cary* v. *W. U. Tel. Co.* (20 Abb. [N. C.] 333); *O'Brien* v. *McCann* (58 N. Y. 376); *Clifford* v. *Dam* (81 id. 52); *Griffin* v. *L. I. R. R. Co.* (101 id. 348), distinguished.

By the contract set forth in the complaint and proved on the trial, defendant acknowledged the receipt from plaintiff of $5,000, which he agreed to return to plaintiff in case a certain resolution set forth therein was not passed by the common council of the city of New York, which resolution authorized the street commissioner to enter into a contract for lighting the streets, etc., of the city. It did not appear that defendant was a member of the common council or a city official, and no evidence was given on the part of plaintiff outside of the instrument itself. *Held*, that the contract by its terms created a valid trust, and was not upon its face within the condemnation of the law as against public policy.

*Milbank* v. *Jones* (25 J. & S.), reversed.

(Argued June 1, 1891; decided June 23, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

June 29, 1889, which affirmed a judgment in favor of defendant entered upon a verdict and affirmed an order denying a motion for a new trial.

The action was brought to recover $5,000 and interest thereon which the plaintiff asserts the defendant held in trust for him pursuant to the terms of the following agreement:

" *Resolved*, That the street commissioner be and he is hereby authorized and directed to make a contract for lighting all the streets, avenues, roads, squares, parks, public buildings and places of the city of New York with coal gas. Such contract to be founded on sealed bids and proposals, and to be made with the company, giving adequate security, to be approved by the comptroller in the manner provided by law, which shall agree to do the same for the lowest price for each lamp or light per annum, or quantity, when it can be measured, according to the existing regulations, and affording to such company sufficient time to lay their mains and introduce gas as required by the contract. The provisions of the contract last made and executed with the Manhattan Gas Company, as far as practicable, shall be embodied in the contract made in pursuance of this resolution, and the term during which the same is to continue will be for the same number of years as that contract. Any resolution or ordinance inconsistent with this resolution is hereby repealed.

"NEW YORK, *June* 14, 1866.

" Received of R. W. Milbank five thousand dollars ($5,000), and also certificate for two hundred and fifty (250) shares of the stock of the People's Gas-Light Company of the city of New York, number seven (7), the said money and stock to be returned to said Milbank in case the resolution above shall not be passed and take effect before the 10th of July next.

"It being understood and agreed that said Millbank shall have the right, at his election, in case said resolution shall pass and take effect before the said 10th of July, to purchase back the said stock at any time within sixty (60) days from the time said resolution shall take effect, by paying to me fifteen thous-

and dollars ($15,000) therefor; and that he shall on his part be bound to purchase the same and pay said fifteen thousand dollars ($15,000) therefor, within said sixty (60) days, at my election. MORGAN JONES."

"I assent to and join in the above understanding and agreement.

"NEW YORK, *June* 14, 1866. R. W. MILBANK."

Further facts are stated in the opinion.

*Ira Shafer* for appellant. Under an answer containing a general denial only, the defendant cannot prove the illegality of the contract sued on. (*Cary* v. *W. U. T. Co.*, 20 Abb. [N. C.] 333; *Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 480; *Cummings* v. *Barkalow*, 1 Abb. Ct. App. Dec. 479; *M. Bank* v. *Williams*, 44 Barb. 87; *Meyers* v. *Dorman*, 34 Hun, 115; *Honegger* v. *Wettstein*, 94 N. Y. 252; *May* v. *Burras*, 13 Abb. [N. C.] 384; *Boswell* v. *Welshoefer*, 9 Daly, 196; *O'Toole* v. *Garven*, 1 Hun, 92.) If it could be said that the agreement contemplated services to be rendered by Jones in consideration of receiving the money, or that he was to make use of it in procuring favorable legislation, still there would be every legal presumption that nothing but proper and lawful services were to be rendered and that the money was to be legitimately expended. (*Bremsen* v. *Engler*, 17 J. & S. 172; *DeGroot* v. *Van Duzer*, 17 Wend. 170; *Clay* v. *Allen*, 63 Miss. 426.) There was a valid trust shown on the part of the plaintiff. (Story on Trusts, § 972; *Day* v. *Roth*, 18 N. Y. 448; *Williams* v. *Fitch*, 18 id. 446.)

*Joseph Fettretch* for respondent. Under a general denial, the plaintiff was bound to prove a legal contract, and defendant could prove the illegality of the contract. (*Boomer* v. *Koon*, 6 Hun, 646; *Cary* v. *W. U. T. Co.*, 47 id. 612; *McKee* v. *Cheney*, 52 How. Pr. 145; *Russell* v. *Burton*, 66 Barb. 539; *Weaver* v. *Barden*, 49 N. Y. 297; *Andrews* v. *Bond*, 16 Barb. 642; *Gilman* v. *Gilman*, 111 N. Y. 270.) A plaintiff, to recover, must show a valid contract or right to recover,

and, under a general denial in an answer, the defendant may show that the contract or trust sued upon is invalid and illegal, and forms no legal basis of any claim. (*McKee* v. *Cheney*, 52 How. Pr. 17; *Wheeler* v. *Billings*, 38 N. Y. 265; *O'Brien* v. *McCann*, 58 id. 376; *Griffin* v. *L. I. R. R. Co.*, 101 id. 348; *Gilman* v. *Gilman*, 111 id. 270; *Oscanyan* v. *A. Co.*, 103 U. S. 261; *Cary* v. *W. U. T. Co.*, 47 Hun, 612.) It is the defense which may be proven under the general denial. (*McKee* v. *Cheney*, 52 How. Pr. 145; *Boomer* v. *Koon*, 6 Hun, 646, 647; *Cary* v. *W. U. T. Co.*, 47 id. 612; *S. P. Co.* v. *Monheimer*, 9 J. & S. 188.) The contract was illegal. (*Nellis* v. *Clark*, 20 Wend. 32; *Pepper* v. *Haight*, 20 Barb. 438; *Rose* v. *Truax*, 21 id. 372; *McKee* v. *Cheney*, 52 How. Pr. 145; *Mills* v. *Mills*, 40 N. Y. 546; *S. C. Bank* v. *King*, 44 id. 94; *Knowlton* v. *C. & E. S. Co.*, 57 id. 518.) Whether the evidence admitted on the part of the defendant, as to the illegality of the contract, was erroneously admitted or not, does not help the plaintiff. (*Remsen* v. *Engler*, 17 J. & S. 172.) Plaintiff's exceptions are untenable. (*Brown* v. *Brown*, 34 Barb. 536; *Mills* v. *Mills*, 40 N. Y. 543.) No matter what the court charged, or refused to charge, it is of no importance, as the verdict of the jury only gave defendant what the court should have given him on his motion to dismiss the complaint and direct a verdict in his favor. (*Mills* v. *Mills*, 40 N. Y. 543.) Plaintiff's exceptions to the charge are untenable. (*McKee* v. *Cheney*, 52 How. Pr. 145; *Harris* v. *Simonson*, 28 Hun, 318; *Cary* v. *W. U. T. Co.*, 47 id. 612; *Mills* v. *Mills*, 40 N. Y. 546.) Plaintiff not having offered evidence to establish any of the allegations of the complaint, and the attention of the court having been called to this failure of the plaintiff, the defendant's motion should have been granted. (*Arnold* v. *Angell*, 62 N. Y. 508.) The attention of the trial court having been specifically called to the failure of proof on the part of the plaintiff, and the failure being fatal to the right of recovery, the justice should have granted defendant's motion and dismissed the complaint, as asked for. (*Arnold* v. *Angell*, 62 N. Y. 508; *Stevens* v. *Mayor*, 84 id. 305.)

PARKER, J. On the trial the plaintiff, for the purpose of establishing a cause of action, introduced in evidence the agreement of the defendant to return the five thousand dollars paid to him in the event that the resolution therein referred to should not be passed and take effect before the tenth of July following, a record of the proceedings of the board of aldermen and board of councilmen; and a veto message by the mayor showing that the resolution did not take effect before July tenth, together with proof that a demand for a return of the money was made prior to the commencement of the action, and rested. Thereupon the defendant made a motion to dismiss the complaint assigning, among others, the following grounds :

(1) A valid trust has not been established ; (2) The contract is void because on its face it appears that its purpose was to improperly influence legislation.

It appears from the agreement that Jones, at the time of its execution, received from Milbank five thousand dollars which, on the happening of a certain event, he agreed to return. It did not provide that Jones should pay to Milbank five thousand dollars, but that " the said money (the receipt of which had been acknowledged), to be returned to said Milbank in case the resolution shall not be passed and take effect before the tenth of July next."

Clearly such a transaction contains every element essential to the creation of a valid trust. (*Day* v. *Roth*, 18 N. Y. 448–453.)

It is the tendency of judicial decision to discountenance all attempts to influence the deliberations and determinations of public bodies and officers other than by arguments which, being openly made, bear directly upon the merits of a pending measure or application, because in contravention of a sound public policy. A contract founded on a violation of this wholesome rule of law is illegal, and the court will not lend its aid to a party seeking its enforcement, but will declare the contract void, leaving the parties to it in the position in which they placed themselves. (*Mills* v. *Mills*, 40 N. Y. 546.)

The defendant in his motion for a dismissal of the complaint invoked this rule of law, but the situation then presented, as we think, did not support his position. It did not appear that Jones was an alderman, a councilman or mayor. There was no evidence relating to the contract or the object sought to be accomplished by it outside of the instrument itself, and it does not appear from an examination of its provisions that it comes within the condemnation of the law because against public policy. It did not provide that Jones should assist in procuring the passage of the resolution therein referred to, or that he should render any services whatever. It purports to make Jones the depository merely of the money to be by him returned in the event that the resolution should fail to pass and take effect before July tenth. The court, therefore, rightly denied the defendant's motion to dismiss the complaint, who at once entered on the introduction of testimony tending to show that the contract was against public policy. Plaintiff's counsel seasonably objected that it was immaterial, incompetent and not admissible under the answer, because not pleaded. The objection was overruled, and the exception taken thereto presents the question assigned for error by the appellant. The answer was a general denial, and the plaintiff insisted on the trial, as he does on this appeal, that not having been informed by the answer that the illegality of the contract would be an issue on the trial, he could not be expected to be prepared nor required to meet it. Under a general denial the rule undoutedly is that if the illegality appears on the face of the complaint, or necessarily appears from plaintiff's evidence, advantage may be taken of it by defendant, who must also be permitted to controvert by evidence everything which the plaintiff is bound, in the first instance to prove, in order to make out his cause of action. And the cases cited by the respondent in support of the ruling will be found on analysis to come within it.

In *Russell* v. *Burton* (66 Barb. 539) the contract, as proved by the plaintiff, was for lobby services, and void.

In *Oscanyan* v. *Arms Co.* (103 U. S. 261), the complaint

was dismissed on the opening of plaintiff's counsel because it appeared therefrom that the contract relied on was illegal.

In *Cary* v. *Western Union Telegraph Co.* (20 Abbott [N. C.] 333), the plaintiff, in making proof of his contract, introduced evidence showing its invalidity.

And in *O'Brien* v. *McCann* (58 N. Y. 376); *Clifford* v. *Dam* (81 id. 52) and *Griffin* v. *L. I. R. R. Co.* (101 id. 348), the court simply declared the rule that, under a general denial, the defendant may give evidence tending to disprove any fact which the plaintiff is bound to prove in order to recover. But in this case it neither appeared from the complaint or the evidence presented by the plaintiff that the contract was illegal, and as we have already shown when the plaintiff rested the evidence established a cause of action. The general denial put in issue all matters which the plaintiff was bound to prove; nothing more. He was required to prove the contract entered into by defendant which was, on its face, valid. Having accomplished that he could not be compelled to enter into a controversy over matters not appearing in the contract involving the question of its validity or invalidity because he had not been notified by the answer that the defendant proposed to assert his own participation in that which was a violation of law as a shield against the consequences of his agreement.

This rule has been enforced so long that it seems unnecessary to support it at this time by an extended reference to the decisions and we shall, therefore, end the discussion by citing a few of the cases in which the courts of this state have said that a defendant, in order to avail himself of facts not appearing on the face of a contract to establish its invalidity, must plead it. (*Dingeldein* v. *Third Ave. R. R. Co.*, 37 N. Y. 575 ; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 id. 480 ; *May* v. *Burras*, 13 Abbott [N. C.] 384 ; *Haywood* v. *Jones*, 10 Hun, 500 ; *Schreyer* v. *Mayor, etc.*, 7 J. & S. 1; *Vischer* v. *Bagg*, 21 Weekly Digest, 399 ; *Honegger* v. *Wettstein*, 94 N. Y. 252.)

The judgment should be reversed.

All concur.

Judgment reversed.