MILBANK, Individually and as Administratrix, *v.* JONES.

(New York Superior Court—General Term, February, 1893.)

Plaintiff's intestate brought action against defendant to recover a sum of money. On the trial a verdict was rendered for defendant, but on appeal was reversed, and a new trial ordered. After the reversal, and before the new trial, plaintiff's intestate died, and plaintiff, his

widow, was appointed his administratrix. Before his death, plaintiff had received a transfer of the cause of action as collateral security for a loan which she had made him, and after his death upon petition, an order was made on notice to defendant, reviving the action, and substituting plaintiff individually and as administratrix, instead of the original plaintiff. When the cause came on for retrial, counsel for defendant raised the objection that the cause of action in the plaintiff individually could not be united with the cause of action in her as administratrix, which objection was overruled. *Held*, proper ; that the question of title was determined by the decision on the order of substitution, and could not be raised upon the trial.

THIS action was originally brought by Robert W. Milbank, the present plaintiff's assignor and intestate, to recover $5,000 and interest. The defendant's answer is a general denial. The case was first tried in November, 1888, resulting in a verdict for defendant. The plaintiff appealed to the General Term of the Superior Court, where he met with an affirmance ; he then appealed to the Court of Appeals and obtained a reversal. Reported in 127 N. Y. 370. After the decision of the Court of Appeals, and on October 30, 1892, Robert W. Milbank died. The present plaintiff, his widow, was appointed his administratrix on November 10, 1892. In August, 1888, she had received a transfer of this cause of action as collateral security for a loan to her husband, which had not been paid. Upon a petition setting forth these facts (none of which were disputed), the court made an order on notice to the defendant, reviving the action and substituting the present plaintiff, individually and as administratrix, as plaintiff, in the place and stead of the original plaintiff, and that all the papers and proceedings herein be deemed amended accordingly. On the retrial, defendant moved to dismiss the complaint on the ground that, in the absence of the supplemental complaint, there was no allegation in the complaint of the death of Robert W. Milbank, or the appointment of the present plaintiff as administratrix, or of any change of ownership ; also, for the reason that plaintiff could not continue the action in both her individual and representative capacities. This motion was denied. A judgment was entered upon verdict directed by

the court, and from an order denying motion for new trial made upon the minutes, this appeal is taken.

*Fetterich & Jones*, for defendant (appellant).

*Boeruem & Hamilton*, for plaintiff (respondent).

SEDGWICK, Ch. J.   The new question in the case refers to the right of the plaintiff to prosecute the action individually, and also as administratrix.   The plaintiff had taken proceedings upon petition for leave to be made plaintiff as to her individual interest, and also as administratrix of the former plaintiff, then deceased.   No supplemental complaint was served.   On the trial, the counsel for defendant made objection that the cause of action in the plaintiff individually could not be united properly with the cause of action in her as administratrix, and also that there was no proof of her personal interest, or that she was administratrix.   It will be seen that there was no issue as to these facts.   No supplemental complaint had been served or required to be served.   Probably, the defendant, if he wished, could have procured a direction that such a complaint be served.   Indeed, the plaintiff's petition asked leave to serve a supplemental complaint. On these facts, it must be held, on the cases cited by the counsel for plaintiff, that the decision in the proceedings upon the motion is an adjudication as to the question of law and of fact then raised, and that if there were error in the decision, in the absence of a supplemental complaint, it was to be corrected by appeal.   The ruling of the court below on this point should not be reversed.

The complaint alleges that the defendant, as trustee for the plaintiff, received $5,000 in trust; that, by the terms and conditions of the trust, it was provided, and said trust was upon the express condition, that the same might be terminated by the plaintiff on or after July 10, 1866, at his election.

To prove this, the plaintiff gave in evidence the following agreement, in writing: " Received of R. W. Milbank, $5,000, and also certificates for 250 shares, etc., the said money and

stock to be returned to said Milbank in case" a certain resolution "shall not be passed and take effect before the 10th July next."

There was an objection to this, by defendant's counsel, that it did not sustain and was not the cause of action made by the complaint. The cause of action in the complaint was conditioned by the election of the former plaintiff. On the other hand, the agreement in testimony was the passing and the taking effect of a resolution before the tenth of July. It was urged that the defendant had had no notice to prepare for trial upon such an issue.

This point was considered in the opinions of the General Term and must have been by the Court of Appeals.* It must be deemed that the Court of Appeals held that it was not valid.

The other questions in the case have been determined, heretofore, unfavorably to the defendant. Exceptions as to rulings upon evidence do not need to be considered. The verdict was ordered by the court, and facts that were undisputed called for that direction, irrespective of the contests that concerned the evidence.

The judgment and order appealed from affirmed, with costs.

DUGRO, J., concurs.
Judgment and order affirmed.