(29 Misc. Rep. 721.)

## SCHWORM v. GOODRICH.

(Supreme Court, Trial Term, Schoharie County. December, 1899.)

GUARANTY—CONSIDERATION—PLEADING—ISSUES AND PROOF.

In an action of guaranty, an allegation of the complaint that the defendant "duly and in due form of law guarantied, promised, and agreed to" pay certain debts incurred by another, the answer to which is a general denial, placed upon plaintiff the burden of proving sufficient consideration to support such agreement, and without such proof the cause of action fails.

Action by Jacob Schworm against Eugene B. Goodrich on a contract of guaranty. On motion to dismiss the complaint. Motion granted.

Krum & Grant, for plaintiff.

Charles B. Goodrich (C. W. Hinman, of counsel), for defendant.

CHESTER, J. The plaintiff insists that the defendant has waived the statute of frauds as a defense, because he has not pleaded it in his answer. I have no doubt of the soundness of this position as a general proposition. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. But this case does not, in my opinion, turn upon the statute of frauds, or the failure to plead it as a defense, but rather upon the question as to whether or not the plaintiff has proven a cause of action within the pleadings as framed. In the complaint it is alleged that the defendant "duly and in due form of law guarantied and promised and agreed to" pay certain debts which had theretofore been incurred by one Adkins. The answer is a general denial. This places the burden on the plaintiff of proving all the matters essential to the establishment of his cause of action. Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31. Among these matters he is bound to prove a lawful promise or agreement on the part of the defendant to pay the debts in question. A consideration is essential to support such promise or agreement, and, unless such consideration is acknowledged by the contract itself, it is necessary to prove it in order to recover thereon. Bank v. Kaufmann, 93 N. Y. 273; Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890. The agreements upon which the plaintiff relies are in writing, being two letters written by the defendant. In each he says he guaranties one of these debts, and promises to pay it within a month after the date of the letter. The letters each fail to acknowledge any consideration for the promise, and the plaintiff has furnished no evidence, oral or otherwise, that there was in fact any such consideration. I think, therefore, that the plaintiff has failed to prove a cause of action, and that defendant's motion to dismiss the complaint must be granted, with costs.

Motion granted, with costs.