## MARTIN v. COIT.

Court of Appeals of District of Columbia.
Submitted May 4, 1927.   Decided November 7, 1927.

No. 4538.

1. Marriage ☞39—Under pleading denying lawful marriage, evidence that marriage contracted was invalid, because divorce of one of parties had not become final, was inadmissible.

Where plaintiff, in action for alienation of husband's affections, pleaded lawful marriage, and where defendant, in answer, denied lawful marriage, *held*, testimony to effect that purported marriage was invalid, because divorce of husband from a former wife had not become final, was inadmissible under pleadings, being in the nature of an affirmative defense not pleaded.

2. Pleading ☞382(1)—General denial challenges only material facts alleged, and does not make admissible proof of affirmative defense.

A general denial, under the practice in the District of Columbia, challenges only the material facts alleged in plaintiff's petition, and is insufficient to render admissible proof of affirmative defense.

3. Marriage ☞39—Denial of lawful marriage is denial of fact of marriage only, and not of legality thereof.

Mere denial of legal or lawful marriage is at most a denial of the fact of marriage on the date alleged, and not denial of the legality of such marriage.

Appeal from Supreme Court of District of Columbia.

Action by Eva C. Martin against Frances Coit. From a judgment on a directed verdict for defendant, plaintiff appeals. Reversed, and cause remanded.

J. P. Earnest and G. B. Springston, both of Washington, D. C., for appellant.

W. J. Lambert and R. H. Yeatman, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, sued Frances Coit in the Supreme Court of the District of Columbia for damages for the alienation of the affections of her husband, Merton G. Martin. From a judgment for defendant on a directed verdict, plaintiff appeals.

It appears that plaintiff and Merton G. Martin were married in the District of Columbia on February 19, 1925. In the course of the trial defendant called Merton G. Martin to the witness stand, and he testified that on March 14, 1924, he secured an interlocutory decree of divorce from a former wife, Eva C. Martin, in the state of California, but that this decree did not become final and effective until April 7, 1925, whereupon the court "directed the jury to return a verdict for the defendant, ruling as a matter of law that, at the time of the marriage on February 19, 1925, it was an unlawful marriage, because Martin was then a married man, and that, that being so, the plaintiff acquired no rights, by reason of the ceremonial marriage, for the breach of which she could complain of the defendant."

Plaintiff in her petition, among other things, alleged that "on the 19th day of February, A. D. 1925, at Washington, District of Columbia, the said plaintiff was lawfully married to one Merton G. Martin; that the said Merton G. Martin then and there became, has continued to be, and now is the lawful husband of the said plaintiff." To this averment defendant replied, denying "that on the 19th day of February, 1925, at Washington, District of Columbia, the plaintiff was lawfully married to one Merton G. Martin, and that the said Merton G. Martin has continued to be and is the lawful husband of the plaintiff."

[1] When defendant offered testimony relative to the California divorce proceedings, objection was made by counsel for plaintiff on the ground that the testimony was inadmissible under the pleadings in the case. The objection was overruled, and exception reserved. On this point we think the case turns. Law rule No. 23 of the Rules of Court of the Supreme Court of the District of Columbia provides:

"1. The plea of the general issue is abolished.

"2. Every pleading shall set forth the true facts upon which the pleader relies."

It is urged by counsel for plaintiff that the mere denial of the allegation of the marriage ceremony, performed at Washington on February 19, 1925, is insufficient under the rules to admit of proof of the California divorce proceedings. Without stopping to consider the sufficiency of the answer, for any purpose whatever, since it attempts to traverse a question of law, it is clear, we think, that under the pleadings it was error for the court to admit proof of the California

divorce proceedings. This constituted an affirmative defense to the case as alleged and proved by the plaintiff. Certified copies of the record of the clerk's office of the Supreme Court of the District showing a legal and lawful marriage between plaintiff and Merton G. Martin were introduced as part of the plaintiff's case and admitted without objection. To defeat this proof, defendant resorted to the affirmative defense of proving the California divorce proceedings. Such a defense, under the rule, can only be availed of by pleading the facts upon which it is based.

[2] A general denial under the practice in this District challenges only the material facts alleged in plaintiff's petition, and is not sufficient to admit of proof by way of affirmative defense. The manner of pleading affirmative defenses under statutes or rules of court similar to ours is clearly stated in Piercy v. Sabin, 10 Cal. 22, 27, 70 Am. Dec. 692, where the court said:

"The plaintiff is required to state in his complaint the facts that constitute his cause of action; and it seems to have been the intention of the Code to adopt the true and just rule that the defendant must either deny the facts as alleged, or confess and avoid them. It is certain that, where new matter exists, it must be stated in the answer. The answer 'shall contain a statement of any new matter constituting a defense.' The language of this section is very clear, that this new matter, whatever it may be, must be set up in the answer. The question then arises: What is 'new matter' in the contemplation of the Code itself? New matter is that which, under the rules of evidence, the defendant must affirmatively establish."

The same rule is announced in Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454, where it was held that a general denial in an action on a contract merely puts in issue the matters which plaintiff is bound to prove in order to make out his cause of action. But before the defendant can avail himself of facts tending to establish its invalidity, not appearing upon the face of the contract, he must plead such facts as an affirmative defense, and the burden of establishing the facts so pleaded rests upon the defendant.

In the present case a complete cause of action, so far as the marriage contract was concerned, was established by the introduction of the District of Columbia record. The mere denial of such a marriage would challenge only the validity of that record. Its validity, however, is confessed; but defendant seeks by way of avoidance to introduce affirmative proof of the California divorce proceedings. But this forces plaintiff to meet a defense not apparent on the face of the marriage contract, or the record certifying to its validity, or of which she had been apprised by answer or plea of the defendant. [3] The mere denial of a legal or lawful marriage denies at most the fact of marriage on the date alleged, and not the legality of the marriage alleged. The answer, therefore, resolves itself into either a denial of the legality of the marriage contract, though regular and lawful on its face, or the traverse by denial of a matter of law which is always inadmissible. Clearwater v. Meredith, 1 Wall. 25, 17 L. Ed. 604. It is clearly the latter, and falls within the condemnation of every known rule of good pleading.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.