Schaus agt. Manhattan Gas-light Co.

# N. Y. SUPERIOR COURT.

WILLIAM SCHAUS, plaintiff and appellant, agt. THE MANHAT-
TAN GAS-LIGHT COMPANY, defendant and respondent.

Under a general or specific denial of any part of the complaint which the
plaintiff is required to prove to maintain his action, the defendant, upon
principle and authority, is at all times at liberty to prove anything tend-
ing to show that plaintiff's allegation is untrue.

*General Term, June,* 1873.
*Before* FREEDMAN, CURTIS *and* VAN VORST, *JJ.*

APPEAL by plaintiff from judgment entered in favor of
defendant upon the verdict of a jury and from the order
denying plaintiff's motion upon the judge's minutes for a
new trial.

F. R. SHERMAN & A. R. RODGERS, *for appellant.*
HENRY H. ANDERSON, *for respondent.*

*By the Court,* FREEDMAN, *J.*—This action was brought to
recover damages alleged to have been sustained by plaintiff
from water which entered the plaintiff's cellar, as claimed by
plaintiff, through the negligence of the defendant in opening
a ditch in front of plaintiff's premises for laying gas mains in
the street. On the trial evidence was admitted, against
plaintiff's objection and exception, which tended to show that
the water which caused the injury did not come from the
ditch, but from the sewer or the connection with the sewer,
and that the injury was the result of a defective sewerage
system in that vicinity. We think the evidence was properly
received. Although under the requirements of section 149
of the Code new matter must be pleaded, and consequently the

Schaus agt. Manhattan Gas-light Co.

defenses of payment, release, accord and satisfaction of arbitrament, and many other entire and partial defenses, which, while they do not deny the cause of action stated in the complaint, yet seek to avoid or to bar it, and which were formerly available under the general issue, must now be set up in the answer before evidence in support thereof can be received (*McKyring* agt. *Bull*, 16 *N. Y.*, 297), yet under a general or specific denial of any part of the complaint, which the plaintiff is required to prove to maintain his action, the defendant, upon principle and authority, is at all times at liberty to prove anything tending to show that plaintiff's allegation is untrue (*Wheeler* agt. *Billings*, 38 *N. Y.*, 263; *Greenfield* agt. *Mass. Mut. Life Ins. Co.*, 47 *id.*, 430).

The testimony of the parties was conflicting, and therefore presented a proper case for the jury. Plaintiff conceded that by refraining from moving for the direction of a verdict subject to an assessment of damages (*Rowe* agt. *Stevens*, 44 *How.*, 10; *S. C.*, 12 *Abb. N. S.*, 389).

The case having been submitted to the jury under a charge, to which no valid objection lies, and plaintiff's exceptions to the refusal of the court to charge otherwise, as requested, and to the rulings of the court upon the questions of evidence that arose during the trial, appearing to be clearly untenable, the judgment and order appealed from must be severally affirmed, with costs.

CURTIS and VAN VORST, JJ., concurred.