### NORMAN v. LOOMIS–MANNING FILTER CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

1. CORPORATIONS—ACTIONS—EVIDENCE—ADMISSIBILITY.

A contract made in the name of a corporation by its president, and one which the corporation had the power to authorize him to make, or to ratify after he had made it, is admissible in evidence against the corporation.

2. CONTRACTS—ACTIONS—INSTRUCTIONS.

Where, in an action on a written contract, defendant introduced no evidence, a charge that the written contract was the contract between the parties was not error; there being nothing to rebut the presumption in its favor.

3. MASTER AND SERVANT—ACTIONS FOR WAGES—EVIDENCE—ADMISSIBILITY.

In an action on a contract of employment as a salesman, providing for a stated salary and commissions on net sales, evidence of the salaries and other expenses of the business, to arrive at the net sales, was properly excluded, and only the discounts were to be regarded in arriving at the net sales.

4. SAME.

In an action on a contract of employment as a salesman, extracts from the books of defendant to show the sales were properly received, where they were furnished to the salesman at his request at the defendant's office by the manager.

Appeal from Trial Term, Westchester County.

Action by F. Stout Norman against the Loomis-Manning Filter Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action was to recover a balance for three years services as salesman for the defendant. The contract for the three years service was in writing in the name of the defendant and the plaintiff, and signed by the president of the defendant. It provided for a stated salary, and also for commissions on sales.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Herbert H. Maass (William Klein, on the brief), for appellant.
Joseph R. Swan, for respondent.

GAYNOR, J. The exception of the defendant to the admission of the written contract of employment in evidence was not good. Being made by the president in the name of the corporation, and one which the corporation had the power to authorize him to make, or to ratify after he had made it, the presumption was that he had the power to make it, and the burden was on the corporation (the defendant) to show that it had not done so. That sufficed to admit it in evidence. Patterson v. Robinson, 116 N. Y. 193, 22 N. E. 372; Davies v. Harvey Steel Co., 6 App. Div. 166, 39 N. Y. Supp. 791; Nat'l State Bank v. Vigo Co. Nat. Bank, 141 Ind. 352, 40 N. E. 799, 50 Am. St. Rep. 330; Eureka Iron & Steel Works v. Bresnahan, 60 Mich. 332, 27 N. W. 524. The case of Camacho v. Hamilton Bank Note Company, 2 App. Div. 369, 37 N. Y. Supp. 725, did not have to do with a contract made by an officer but by an employé or agent of a corporation. Inasmuch as the defendant introduced no evidence, the charge of the learned trial Judge that the written contract was the contract between the parties was not error. There was nothing to rebut the presumption in its favor. The contract was that the commission was to be on the "net sales." The offer to prove the salaries and other expenses of the business to arrive at the net sales was properly not entertained. Only the discounts were to be regarded in arriving at the net sales. The extracts from the books to show the sales were properly received. They were furnished to the plaintiff at his request at the defendant's office by the manager.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.