## LYON v. WEST SIDE TRANSFER CO.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

1. CORPORATIONS (§§ 400, 432*)—REPRESENTATION BY OFFICERS—ACTS WITHIN APPARENT SCOPE OF AUTHORITY.

Acts of the executive officers of a corporation, within the apparent scope of their authority in regard to its regular business, are presumed to be the acts of the corporation, and binding on it, and the person dealing with them under such circumstances need not prove specific authority from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the board of directors, and is not affected by secret provisions of the by-laws not brought to his attention.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1590, 1718, 1726, 1727. 1730; Dec. Dig. §§ 400, 432.*]

2. CORPORATIONS (§§ 410, 432*)—REPRESENTATIONS BY OFFICERS—SALE OF PROPERTY—PROOF OF AUTHORITY.

A sale of all the tangible property of a transfer company is not a trans-action within apparent scope of its business, and not being conducted through a broker, nor at a fixed or customary fee, but under an agree-ment that all above a certain price should go to the person procuring the customer, it was an unusual and extraordinary transaction, requiring the latter to prove the authority of the officers alleged to have made the contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1629–1632, 1730; Dec. Dig. §§ 410, 432.*]

3. CORPORATIONS (§ 426*)—REPRESENTATION BY OFFICERS—RATIFICATION OF ACTS.

A corporation may ratify the acts of its officers not previously duly authorized.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. § 426.*]

4. CORPORATIONS (§ 432*)—SALE OF PROPERTY—REPRESENTATION BY OFFICERS—PRESUMPTION AS TO POWERS.

A corporation has a right to sell its property, and, its directors must be presumed to have power to authorize executive officers to enter into a contract for the sale thereof and to employ persons to bring it about.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1718, 1726–1729; Dec. Dig. § 432.*]

5. CORPORATIONS (§ 432*)—CONTRACTS—AUTHORITY OF OFFICERS TO RATIFY—BURDEN OF PROOF.

Where a contract with a corporation is one which its directors had power to authorize the officers to make, or to ratify after it has been made, the burden was on a person denying the contract to show that it was not authorized or ratified by the board.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1730; Dec. Dig. § 432.*]

6. WORK AND LABOR (§ 10*)—SALE OF PROPERTY—ACTION FOR SERVICES—QUAN-TUM MERUIT—QUESTION FOR JURY.

In an action for effecting a sale of all of a transfer company's tangible property on an agreement by its executive officer to pay plaintiff all that the property sold for over a certain price, while the unusual character of the agreement as to compensation might exclude the presumption of power in the officers to make it, it does not extend so far as to prevent plaintiff from going to the jury on the quantum meruit; the sale having been completed to the person and at the price obtained by plaintiff, and the complaint containing sufficient averments to enable him to recover for his services, without reference to the allegation of an agreed compen-sation.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 10.*]

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Leroy M. Lyon against the West Side Transfer Com-pany for services in selling its property. From a judgment entered on dismissal of the complaint at the close of plaintiff's case, he appeals. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Ellison, MacIntyre & Davis (Arnold L. Davis, of counsel, and Claude A. Thompson, on the brief), for appellant.

Almet Reed Latson, for respondent.

CLARKE, J. The defendant is a domestic corporation, and was the owner of two parcels of improved real property in the borough of Manhattan. The plaintiff was a fruit merchant, with a place of business at 330 Washington street, in the said borough, and had been acquainted for many years with the president and treasurer of the defendant company. Said corporation seems never to have conducted the business for which it was organized; but its activities were confined to the renting of offices and the collection of the rents due upon the property, which it owned. It had its office in the store of the plaintiff. The plaintiff's story was that the president and treasurer of the defendant agreed with him that, if he should find a customer for the defendant's real estate at $78,500, he might retain for his services whatever he could get above said amount; that he procured a customer who agreed to pay $85,000 for the property; that it was conveyed to said customer for that price, and he sues for the difference, $6,500.

At the close of plaintiff's case the complaint was dismissed, upon the ground that the authority of the executive officers of the defendant company to employ the plaintiff had not been shown. The plaintiff asked leave to go to the jury, not only upon the question of the contract between the defendant and the plaintiff in respect of compensation for his services at the difference between $78,500 and $85,000, but also upon the question of reasonable value of those services, which motion having been denied, he duly excepted.

If the sole question in this case was upon the specific contract sued on, we think that the evidence failed. It is the law that acts done by the executive officers of a corporation within the apparent scope of their authority in regard to the regular business of the corporation are presumed to be the acts of the corporation and binding upon it, and the person dealing with such officers under such circumstances is not required to prove specific authority from the board of directors, and is not affected by any secret provisions of the by-laws not brought to his attention. But in this case the transaction was not within the apparent scope of the corporation's business, its transfer business, but was the sale of all its tangible property. It was not conducted through a real estate broker, nor at a fixed or customary fee; but the corporation was to be divested of all its property upon a certain price, with an agreement that all above that price should go to the person procuring the customer. That certainly was an unusual and extraordinary transaction, and required the party asserting it to prove the authority of the officers alleged to have made the contract.

But it is also true that a corporation may ratify the acts of its officers not previously duly authorized. It is urged that when the corporation sold this property to the customer procured by the plain-

tiff, at the price obtained by him, it ratified the acts of its officers in procuring his services and received the benefit thereof, and that, having shown this, plaintiff had made out a prima facie case, and was entitled to go to the jury upon the question of such ratification and the reasonable value of the services so rendered. The corporation had the right to sell its property, and its directors, it must be presumed, had the power to authorize its executive officers to enter into a contract for the sale of the property and to employ persons to bring about such sale by obtaining customers. Where the contract is one which the directors had power to authorize their officers to make, or to ratify it after it had been made, the burden was on the persons denying the contract to show that it was not authorized or ratified by the board. Patterson v. Robinson, 116 N. Y. 193, 22 N. E. 372.

The contract being made by the president in the name of the corporation, and one which the corporation had the power to authorize him to make, or to ratify after he had made it, the presumption was that he had the power to make it, and the burden was on the corporation to show that it had not done so. Norman v. Loomis Manning Filter Co., 123 App. Div. 739, 108 N. Y. Supp. 261. Therefore, while it may be that the unusual character of the agreement for compensation takes it without the rule of the presumption of power in the executive officers to make it, we do not think it extends so far, under the circumstances of this case, as to prevent the plaintiff from going to the jury upon the quantum meruit; the sale having been completed to the person and at the price obtai ed by him. Although the complaint is upon a contract for a specific sum, it contains sufficient averments to enable the plaintiff to recover the value of the services rendered, without reference to the allegation of an agreed compensation. Sussdorff v. Schmidt, 55 N. Y. 319; Sturgis v. Hendricks, 51 N. Y. 635; Barney v. Fuller, 133 N. Y. 605, 30 N. E. 1007. Enough was shown to put defendant to its proof, and the dismissal was error.

The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCOTT and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). The action is brought upon a contract by which, at the special instance and request of the defendant, the plaintiff rendered services to the defendant as agent and broker in the sale of certain parcels of real estate; that the defendant promised and agreed to and with the plaintiff that it would pay to him for his services in procuring a purchaser for the said property all over the sum of $78,500 which such purchaser should pay therefor. It is alleged that the plaintiff therafter procured a domestic corporation as a purchaser of the said real property at the sum of $85,000, and thereafter the said two parcels of real property were sold by the defendant to the said purchaser at the price stated; that by reason of the premises there is now due and owing by the defendant to the plaintiff the sum of $6,500 as and for his compensation for his said services, which sum is the fair and reasonable value thereof.

It is conceded in the prevailing opinion that the president of the

plaintiff, who is alleged to have made this contract, had no authority to make it, and that the defendant cannot be held liable under it. The plaintiff was not a real estate broker, and had no connection with the defendant corporation. A situation did not, therefore, exist which justified the implication of an agreement for the services of a broker in procuring a purchaser of the real property. The plaintiff acted under no agreement of the defendant by which he was to receive the reasonable value of the services that he rendered under such an employment. He claims that he had an agreement with an officer of a corporation by which he was to receive all over a sum specified at which the corporation would sell its real property. Such a contract was clearly beyond the authority of the president to make, and, if any liability existed under it, it was against the individual officer who made it, not against the corporation of which he was president. The special contract under which the plaintiff acted, being one which did not bind the defendant, the defendant cannot be held liable upon an implied contract, which neither it nor any of its officers intended to make. The plaintiff, if entitled to recover at all, must be entitled to recover under the contract that he made, and not for the reasonable value of the services that he rendered. Assume that this property had sold for less than $78,500 to a purchaser procured by the plaintiff, it certainly could not be held that the plaintiff was entitled to recover the reasonable value of his services, as there was no contract employing him to procure a purchaser for the property generally, and certainly the defendant never so employed him. He acted under a contract made by the president of the defendant. That contract did not bind the defendant, and that was the only authority that he had to act for the defendant.

I can see no justification for implying any other contract on behalf of the defendant to pay for any services rendered by the plaintiff. There was no ratification of this contract, because there is no evidence that the corporation itself, or any of its officers or directors, except the officer alleged to have made the contract, ever knew that the plaintiff had ever performed any services, or that any contract with him had been made on its behalf. It seems to me that, if it is conceded that the contract made was not within the power of the officer making it to make it on behalf of the defendant, there was no other contract by implication made, or which could be inferred, entitling the plaintiff to a recovery.

I think the judgment appealed from should be affirmed.

McLAUGHLIN, J., concurs.