HARDER et al. v. CONTINENTAL PRINTING & PLAYING CARD CO.

(Supreme Court, Appellate Term.   June 25, 1909.)

1. PRINCIPAL AND AGENT (§ 190*).— UNDISCLOSED PRINCIPAL — ACTION — EVIDENCE.

Where plaintiffs sued defendant for goods sold as an undisclosed principal, evidence that, before plaintiffs had discovered the alleged fact that defendant was the undisclosed principal of the buyer, defendant in good faith paid the buyer for the goods purchased by him from plaintiffs and settled its account with him, for which he released defendant from liability, was admissible.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 719; Dec. Dig. § 190.*]

2. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED PRINCIPAL—LIABILITY.

If an agent buys in his own name for an undisclosed principal, both are bound, if the goods are received by the principal and the agent has acted within his authority, or if his acts are afterwards ratified.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 514; Dec. Dig. § 145.*]

3. PRINCIPAL AND AGENT (§ 145*)—ACTS OF AGENT—UNDISCLOSED PRINCIPAL.

Where an agent, without the knowledge or consent of the principal, purchases goods on credit without disclosing the principal, the latter is not liable to the seller.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 515; Dec. Dig. § 145.*]

4. PRINCIPAL AND AGENT (§ 145*) — UNDISCLOSED PRINCIPAL — PURCHASE OF GOODS.

Where a purchase of goods is made by an agent on the credit authorized by the principal and without disclosing him, and the principal subsequently makes payment to the agent in good faith before the agency if disclosed to the seller, the principal is not liable to the seller.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 519; Dec. Dig. § 145.*]

5. PAYMENT (§ 59*)—PLEADING—AFFIRMATIVE DEFENSE.

Payment is an affirmative defense, which in general must be specially pleaded.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 143½; Dec. Dig. § 59.*]

6. PLEADING (§ 382*)—GENERAL DENIAL—ISSUES.

A general denial puts in issue only the matter which plaintiff is bound to prove to make out a case, and is insufficient to authorize proof of new matter not referred to in the pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1280; Dec. Dig. § 382.*]

7. PAYMENT (§ 63*)—PLEADING—GENERAL DENIAL.

Where, in an action for goods sold against defendant as an alleged undisclosed principal, plaintiffs showed that certain payments had been

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made by defendant on account. defendant was thereby authorized under a general denial to show that such payments were really made to the agent pursuant to a complete settlement with him before plaintiffs discovered the alleged agency.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 158; Dec. Dig. § 63.*]

Appeal from City Court of New York, Trial Term.

Action by Adolph Harder and another against the Continental Printing & Playing Card Company. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

J. A. Seidman, for appellant.

Katz & Sommerich (Maxwell C. Katz and Otto C. Sommerich, of counsel), for respondents.

GILDERSLEEVE, P. J. The complaint alleges that between the 8th day of October, 1907, and the 8th day of February, 1908, plaintiffs, at the special instance and request of defendant, sold and delivered to the defendant goods, wares, and merchandise of the reasonable and agreed value of $1,427.27, of which defendant has paid on account $400, leaving a balance due to plaintiffs from defendant of $1,027.27. The answer is a general denial. It appears that the goods were sold to one Buckham and delivered to him at defendant's place of business, and defendant claims that the goods were sold and delivered to Buckham individually, and not to defendant, while plaintiffs claim that Buckham was acting as agent for defendant, although plaintiffs did not discover such agency until after the sale and delivery of the goods, and until after they had commenced an action therefor against Buckham. Upon such alleged discovery they apparently abandoned their case against Buckham and elected to pursue the alleged undisclosed principal.

In April, 1907, Buckham told one of the plaintiffs that he desired to go into business on his own account as soon as he left the employment of the Tower Manufacturing Company, where he was then employed, and plaintiff said he would sell him postal cards on credit. In May, 1907, defendant made a contract of employment with Buckham; but the latter did not actually enter defendant's employment, under such contract, until January 1, 1908. In September, 1907, Buckham gave a written order for post cards to plaintiffs in his individual name, upon which were written the words "according to arrangement with Mr. Rosenberg," which latter was one of the plaintiffs who had told Buckham, in April, 1907, that plaintiffs would sell Buckham cards on credit, as above mentioned. In October, 1907, plaintiffs, upon said order, sent the postal cards in cases to said Buckham, 4077–4085 Park avenue, New York, which was the address given by Buckham on said order, and which was defendant's place of business. In December, 1907, Buckham and one Westerhouse, who was the secretary of defendant, executed and filed a certificate that

they transacted the business of general merchandise, post cards, and novelties at 4083 Park avenue, New York, defendant's place of business, under the name of the "Import Post Card & Novelty Mailing Company," and they issued a circular of their goods, which contained the very articles that had been sold by plaintiffs to Buckham. It further appears that the goods in suit were finally sold to defendant's customers, and defendant received payment therefor by checks to its own order, and that defendant's checks were also used to pay freight charges and duties on the goods in suit, and also in part payment of plaintiffs' bill. It is also in evidence that on the same day that the certificate of the "Import Post Card & Novelty Company," aforesaid, was made, the said Westerhouse, who was one of the signers of said certificate, and also, at that time, secretary of defendant, signed the following paper:

"We have received the shipment of post cards from Ad. Harder, Hamburg, billed to S. T. Buckham, amounting to 4,689.50 marks, and hereby release Mr. S. T. Buckham of all personal liability pertaining to payment on same. Continental Printing & Playing Card Co. 4077–4085 Park Avenue, N. Y. [Signed] H. L. Westerhouse."

The words "Continental Printing & Playing Card Co. 4077–4085 Park Avenue, N. Y.," were stamped on the paper with a rubber stamp, and there is no evidence as to when and by whom they were so stamped, nor does it appear that such stamp was usually used, in signing agreements or contracts or receipts, by defendant. Defendant claims that Westerhouse was without authority to make this paper for defendant and that his act was never ratified by defendant. The evidence of Westerhouse would seem to indicate that another stamp of slightly different kind was usually used in signing such documents.

Defendant sought to show that the checks of defendant used to pay freight charges and duties and in part payment of plaintiffs' bill were money advanced to Buckham and that the moneys received by defendant for the post cards sold by defendant, or by the "Import Post Card & Novelty Company," were credited to Buckham's account. In March, 1908, some months after Buckham had entered defendant's employment, but before the giving of defendant's checks, as aforesaid, it appears from the testimony of defendant's business manager, which testimony was not specifically rebutted by plaintiffs, Buckham was unable to make payment of plaintiffs' postal cards and asked more money from said manager, who refused to give it; but it was agreed that defendant would take from Buckham a quantity of the postal cards, paying him therefor, and that Buckham would sell the same for the defendant, in which manner defendant accounts for two checks given by defendant to Buckham for $300 and $100, respectively, dated March 7, 1908, and March 10, 1908, and indorsed over by Buckham to plaintiffs, and which constitute the $400 alleged in the complaint to have been paid by defendant to plaintiffs in payment on account of the claim in suit. Defendant further sought to show that, after defendant had advanced to Buckham the amount required for the payment of duties and freight charges, Buckham billed through defendant all the goods sold by him, and defendant credited Buckham with all payments received on account thereof.

As the jury found for plaintiffs, the latters' evidence as to all controverted questions of fact has been accepted as the correct version. Defendant was not allowed by the court to show that, before plaintiffs had discovered, or pretend to have discovered, the alleged fact that defendant was the undisclosed principal of Buckham, the defendant, in good faith, had paid Buckham for the goods purchased by him from plaintiffs, and settled its account with Buckham, for which Buckham released defendant. Assuming plaintiffs were correct in their claim that defendant was the undisclosed principal of Buckham, it was error to exclude the evidence of defendant aforesaid. The rule of agency, where the principal is undisclosed, is as follows: If the agent buy in his own name, but for the benefit of his principal, without disclosing the name of the principal, the latter as well as the former will be bound, provided that the goods are received by the principal, and the agent, in making the purchase, acted within his power as agent, or that his acts were subsequently ratified by the principal; but, if the principal furnished the agent with the money with which to make the purchase, before the purchase, and the agent, without the knowledge or consent of the principal, purchase the property upon credit, without disclosing his principal, then the principal will not be bound to the seller, and also where, as is claimed here, the purchase has been made by the agent, upon credit authorized by the principal, but without disclosing his name, and payment is subsequently made by the principal to the agent in good faith, before the agency is disclosed to the seller, then the principal will not be liable. Laing v. Butler, 37 Hun, 144–151.; Huffcut on Agency (2d Ed.) p. 168; Story on Agency, § 449; Knapp v. Simon, 96 N. Y. 284; Fish v. Wood, 4 E. D. Smith, 327.

It is true that the answer is a general denial only, and payment is an affirmative defense. McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696. The general denial put in issue only the matters which plaintiffs were bound to prove to make out their case (Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454), and under the general denial the defendant could not prove a defense founded on new matter not referred to in the pleadings (Weaver v. Barden, 49 N. Y. 289; Dubois v. Hermance, 56 N. Y. 674). A general denial, however, permits defendant to controvert by evidence anything which plaintiff is bound in the first instance to prove, in order to make out his case, or anything he is permitted to prove for that purpose under the complaint. Brady v. Hutkoff, 13 Misc. Rep. 515, 34 N. Y. Supp. 947, affirmed on opinion below in 155 .N. Y. 681, 50 N. E. 1115. Under the allegation of the complaint that $400 had been paid to plaintiffs by defendant on account, plaintiffs were allowed to show what purported to be such payments, and thus the door was opened to defendant to show that such payments were really made to Buckham under a complete settlement with him before plaintiffs discovered the alleged agency of Buckham. So that, although payment is usually an affirmative defense that should be pleaded (Baker v. Loring, 92 Hun, 61, 36 N. Y. Supp. 644), still, under the allegations of the complaint and the proofs presented at the trial by the plaintiffs herein, defendant was at liberty to show that plaintiffs' allegations and proofs were untrue (Schaus v. Manhattan Gaslight Co., 45 How. Prac. 481).

Had the payment of $400 on account been as alleged by plaintiffs, it could have been construed as a ratification of the pretended agency of Buckham, and it was competent for defendant to show how it was not such ratification. Furthermore, the evidence as to the agency of Buckham and as to the authority of Westerhouse to make the paper, above quoted, assuming for defendant the responsibility of Buckham, or as to any ratification by defendant of the acts of either Buckham or Westerhouse, hardly seems to be such as warranted the jury in finding for plaintiffs.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

