## STUDEBAKER BROS. CO. v. R. M. ROSE CO.

(City Court of New York, Trial Term. December, 1909.)

1. CORPORATIONS (§ 410*)—"GENERAL MANAGER"—AUTHORITY—EVIDENCE.

In the absence of proof as to the nature of services or powers of a corporation employé designated "General Manager," the words would simply import that he is a general executive officer for all the ordinary business of the corporation, and no inference can be indulged in that he possessed authority to make a contract for the purchase of an automobile binding on the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 16; Dec. Dig. § 410.*

For other definitions, see Words and Phrases, vol. 4, pp. 3073, 3074.]

2. PRINCIPAL AND AGENT (§ 150*)—UNAUTHORIZED ACTS OF AGENT—RATIFICATION.

Where original authority of an agent to make a contract binding on his principal is not shown, a ratification by the principal of the agent's acts with knowledge thereof must be shown to bind the principal on the contract.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 557; Dec. Dig. § 150.*]

Action by the Studebaker Bros. Company of New York against the R. M. Rose Company. Judgment of dismissal. Motion for new trial denied.

Wilber, Norman & Kohn, for plaintiff.
Kiernan, Nicholas & Moore, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FINELITE, J.   Action brought by the plaintiff against the defendant to recover a balance due on contract or order alleged to have been made by defendant "by James W. Cole, general manager."   On the trial thereof the plaintiff failed to prove that the said James W. Cole, general manager, had authority to bind the defendant in the purchase of the property hereinafter stated, or that his acts in this respect were with authority ratified.   The complaint was thereupon dismissed, a motion was thereafter made for a new trial on the stenographer's minutes, and that the court set aside its order dismissing the complaint and reinstate the case upon the calendar upon the ground that the exclusion of the instrument or order above referred to and offered in evidence was erroneous, and the consequent dismissal of the complaint was contrary to law.

It appears from the facts herein:   That the defendant, a Florida corporation, authorized to do business in the state of New York and carrying on business therein in the Times Building, in the borough of Manhattan, city of New York, was supposed to be represented in this state by James W. Cole, as the "general manager" of the New York office.   The business carried on by it, according to its articles of incorporation, consisted of manufacturing, selling, and distributing whisky and gins of all kinds, as shown by a statement under section 16 of the general corporation law (Consol. Laws, c. 23), which was marked in evidence.   That thereafter plaintiff claims it entered into the contract or order with the defendant, which reads as follows:

"New York, June 18th, 1908.

"Studebaker Bros. Co. of New York, Broadway and Seventh Avenue, at 48th Street, New York City—Gentlemen: Please deliver to the undersigned R. N. Rose Company at once one De Dietrich limousine 30–32 H. P., No. 8213, series 11, which we agree to accept and pay the sum of twenty-five hundred ($2,-500.00) dollars, as follows:   One hundred and seventy-five ($175.00) dollars each and every week after delivery of the automobile for ten consecutive weeks, when the sum of seventeen hundred and fifty ($1,750.00) dollars shall have been paid; thereafter and at the expiration of seventy-seven days from the date of delivery, we agree to pay the balance due, to wit, seven hundred and fifty ($750) dollars.

"It is understood and agreed that while the machine is in our possession the cost of all repairs, whether to the automobile itself or to its accessories, such as tires, &c., shall be borne by us and in nowise be chargeable to you.   It is further understood and agreed that until the full purchase price of the automobile shall have been paid in full to you in cash, that the title to the automobile shall be and remain in you and that the giving and accepting of notes, if any, or the taking of a judgment upon such notes, if any, shall not be considered such payment, and that until the automobile shall have been paid in full, as herein provided, that we will keep the machine insured at its value of twenty-five hundred ($2,500) dollars for your benefit at our own expense.

"[Signed]                                           R. M. Rose Co.,
                                            "By James W. Cole, General Manager.

"Accepted New York, June 18th, 1908.
    "[Signed]                            Studebaker Bros. Co. of New York,
                                            "By William R. Innis, Prest."

The contract or order on the trial was offered in evidence, and under objection the same was rejected.   No evidence was offered to show what Cole's duties as general manager were.   The plaintiff contends that the rejection of this instrument was error.

The plaintiff predicates this action on said contract, and claims that the same being signed by the defendant through its "general manager," if admitted in evidence, would show sufficient authority prima facie to do any act which the directors could authorize or ratify. The instrument in question being signed by James W. Cole, "General Manager," and no evidence on the trial being produced showing the duties of said general manager or what kind of an office he was general manager of, the words "general manager," without proof as to the nature of the services performed by the person called "general manager," have no meaning in law, excepting that the person bearing the title is an employé who has been designated with a title. It does not make him an officer of the company employing him. The plaintiff's evidence failed to show that it relied upon Cole's position as assistant secretary and treasurer. The instrument was not signed by him as assistant secretary or treasurer. Therefore the question as to his authority as such assistant officer does not appear. The deposition of R. M. Rose Company on cross-interrogatories read in evidence by plaintiff showed that Cole's authority as such assistant officer was wholly to sign revenue bonds and nothing else, and which authority he never exercised. Therefore the sole question to be decided here: Did the "general manager" have authority to make this contract for the purchase of an automobile so as to bind the defendant? There is nothing apparent in this case to show that Mr. Cole had, by virtue of any powers conferred upon him by the by-laws of the corporation or by express delegation of the directors, the ability to make a contract binding upon the defendant corporation of the character of that in suit.

The plaintiff contends that in entering into the contract with Cole it was entitled to rely upon the apparent authority which he presumed as "general manager," and upon the assumption that as "general manager" it was within his province to make the contract in question. By the proof adduced in this case it was shown Cole was wholly limited to the signing of revenue bonds and nothing else, as assistant officer, and had no authority otherwise, and, in the absence of proof to show what the duties were of the "general manager," the words "general manager" would simply import that the person bearing that title is a general executive officer for all the ordinary business of the corporation in all that may be properly inferred. It nowhere appears that said general manager had authority to purchase the automobile for the benefit of said corporation. No evidence was given of his powers. It now remains to be ascertained whether or not as "general manager" Mr. Cole made this contract for the purchase of this automobile as would justify this plaintiff, in relying upon an apparent authority derived from acts of the agent, recognized by the principal, and which, therefore, may be presumed to be within the authority conferred upon the agent. Upon this subject no evidence was produced, and, in the absence of such proof, no inference can be indulged in that the general manager possessed authority to make the contract to purchase the automobile to bind the defendant. If the plaintiff would have an original authority by the agent to make the purchase, then

ratification would not be necessary. It is only where the original authority cannot be proven that ratification would be necessary to bind the parties to a contract. Therefore the court was justified in rejecting the instrument, for it cannot be inferred as a matter of law that the "general manager" in this case had power to bind his principal to any contract in the absence of proof of authority to make such contract as here disclosed. That such authority may be inferred from evidence of acts of the general manager known to and acquiesced in by the officers of the corporation, yet the proof of this case is absent in that element, and no proof has been adduced as to such acts as would have justified the plaintiff in relying upon an apparent authority to make the contract on which this action is brought; and, further, no proof has been shown herein against the defendant of ratification with knowledge of the contract.

This principle of law has been recognized in Camocho v. Hamilton Bank Note Engraving Co., 2 App. Div. 369, 37 N. Y. Supp. 725, but has been distinguished from cases where the contract was made by a president of the company. Patterson v. Robinson, 116 N. Y. 193.[1] This last case cited was made in the name of the corporation by its president, and was one which the court held the corporation had power to authorize its president to make, or that the corporation could ratify after it was made and received the benefit of the agreement. Davies v. Harvey Steel Co., 6 App. Div. 166–170, 39 N. Y. Supp. 791; Oakes v. Cattaraugus Co., 143 N. Y. 430–436, 38 N. E. 461, 26 L. R. A. 544; Lyon v. West Side Transfer Co., 132 App. Div. 777, 117 N. Y. Supp. 648; Harder v. Continental Print. Co., 64 Misc. Rep. 89, 117 N. Y. Supp. 1001. But all the cases last above cited are distinguishable from the case at bar in where an ordinary employé or general manager had signed the instrument in suit.

The court was justified, therefore, in dismissing the complaint for the failure of proof, showing that Cole as "general manager" had authority to enter into the contract in question, and in the absence of sufficient proof to establish a ratification by the defendant of said Cole's acts with knowledge of the contract.

For the reasons herein expressed, which are supported with abundant authority, the motion for a new trial must be denied. Plaintiff may have 10 days' stay of execution, with 30 days to make a case after the entry of the order herein. Settle order on notice.