N. A. BERWIN & Co., INC., Appellant, *v.* HEWITT REALTY
COMPANY, Respondent.

First Department, January 13, 1922.

Corporations — authority must be shown in action on contracts with
    corporate officers — no implied power in realty corporation to buy
    and sell realty — right to sell realty arises solely from certificate of
    incorporation — persons charged with knowledge of limitations in
    certificate of incorporation — action on contract with officers of
    realty corporation for commissions on sale — failure to prove power
    to sell precludes recovery.

In an action against a corporation upon a contract made with its officers,
    direct authority must be shown in the officers to make such a contract,
    or facts must be shown from which such authority may be presumed;
    and a contract for which such authority may be presumed must be one
    within the power of the corporation to make and one in the general course
    of its business.
There is no implied power in a corporation to buy and sell real estate
    arising from the fact that it is named a realty corporation.
The right of a corporation to sell its realty arises solely from the provisions
    of its certificate of incorporation and any one dealing with the officers of
    the corporation is charged with the knowledge of the limitations of their
    power therein expressed.
Accordingly, in an action to recover commissions for the sale of one-fourth
    of the real estate of a realty corporation under a contract made with its
    president and treasurer, failure of the plaintiff to prove that the power to
    sell was contemplated in the certificate of incorporation precludes a
    recovery.
CLARKE, P. J., and LAUGHLIN, J., dissent.

APPEAL by the plaintiff, N. A. Berwin & Co., Inc., from a
judgment of the Supreme Court, entered in the office of the
clerk of the county of New York on the 3d day of May, 1921,
vacating the verdict of a jury and dismissing the complaint,
and also from an order entered in said clerk's office on the
28th day of April, 1921, setting aside the verdict of a jury
and dismissing the complaint.

*Milton Dammann* [*Maurice R. Roche* of counsel], for the
appellant.

*Parsons, Closson & McIlvaine* [*Albert S. Wright* of counsel],
for the respondent.

First Department, January, 1922.    [Vol. 199

Smith, J.:

The plaintiff has sued the defendant upon a contract for commissions for the sale of certain of the defendant's real estate holdings. The defendant is a family corporation. It holds four pieces of property of which the property in question constitutes inferentially about one-quarter.

The contract under which plaintiff seeks to recover is a contract made with the president and treasurer of the defendant corporation. While the terms were agreed upon for the sale of the property and the contract was directed to be drawn up, the sale fell through, apparently because the officers of the defendant were dissatisfied with the responsibility of the proposed purchaser. The claim of the defendant was that this contract was made subject to the approval of the board of directors of the defendant corporation. This the plaintiff denies, but the plaintiff's president swears that the defendant's president stated that " he had to consult somebody first," that is, before the making of the sale. These facts were submitted to the jury and the jury found for the plaintiff, so, upon the record as it appears before us we must assume that a contract was made with the officers of the defendant for the sale of this property, and that the plaintiff duly performed upon his part.

Upon the trial of the action the defendant moved for a dismissal of the complaint. That motion was reserved. The motion was made upon the ground that there was no authority shown in the president and treasurer of the defendant corporation, either to sell the property or to make a contract for its sale, and, therefore, no authority to employ anybody as broker to make such sale. After the verdict, upon the reserved motion for dismissal the trial court entered an order granting the motion and dismissed the complaint, and it is from the judgment entered upon such a dismissal that this appeal is taken.

In an action against a corporation upon a contract made with its officers, direct authority must be shown in the officers to make such a contract, or facts must be shown from which such authority would be presumed. No direct authority is here shown. It is claimed, however, that this being a realty corporation and the contract having been made by its president

and treasurer, the authority to contract for the sale of the real estate is presumed until negatived by evidence produced by the defendant. It is not every contract, however, made by the officers of a corporation for which authority is primarily presumed. Such a contract must be one within the power of the corporation itself to make and one in the general course of its business. While the defendant was named a realty corporation, there is no implied power to sell or buy real property. The corporation being a family affair, it may well be that the corporation was organized for the purpose of managing the property for the benefit of the family and of renting the same and distributing the net proceeds thereof after the payment of taxes and repairs. Whether or not a corporation may assert a lack of authority in its officers to make a contract when that lack of authority comes through some special by-law unknown to the party with whom the contract was made, the right of a corporation to sell its realty does not rest upon any by-law, but must be included in the certificate of incorporation, wherein the extent and limit of the purposes of the corporation are recited. That certificate of incorporation is publicly filed and may be inspected by plaintiff as well as the defendant, and the plaintiff is charged with the knowledge of the limitations of power therein expressed in dealing with the officers of the corporation.

It has been held that any act which the board of directors may authorize its president to perform will be *prima facie* presumed to be done under authority and the burden is upon the corporation to show lack of authority. (*Patterson* v. *Robinson,* 116 N. Y. 193.)

It is again stated in *Norman* v. *Loomis-Manning Filter Co.* (123 App. Div. 739): The contract made by the president in the name of the corporation which the corporation had power to authorize or to ratify after he had made it is presumed to have been authorized and the burden of proof was upon the corporation to show otherwise. But to cite this case as an authority for the appellant is to beg the question in issue, because there, is no proof here that the contract was one which the corporation " had the power to make " which might if existing have been proven by the production of the certificate of incorporation, a public record of the State.

In *Lyon* v. *West Side Transfer Co.* (132 App. Div. 777) it was held: But where a corporation is engaged in the business of renting lands, the sale of all of its tangible property is not within the apparent scope of its business, and one seeking to recover commissions for procuring a purchaser must prove either authority or ratification. It is there held in an action by a broker for commissions for effecting a sale of all the tangible property of a corporation, that the fact that the sale was afterwards actually made amounted to a ratification of the contract by the officers of the company with the brokers, but that the nature of the contract being a contract that the brokers should receive all over a certain sum procured, was such an unusual contract as not to be presumed to be within the authority of the officers to make and the plaintiff was allowed to recover only upon a *quantum meruit.*

In *Matter of Timmis* (200 N. Y. 177) it was held that the sale of the business, assets and property, including the good will, of an independent and important department or branch of a business corporation, organized under the laws of this State, for the reasons, among others, that the corporation lacked capital to carry on the department and that the sale was a business necessity, is not a transaction within the ordinary course of business of the corporation. In the opinion reference was made to the opinion of Mr. Justice ALLEN in *Abbot* v. *American Hard Rubber Co.* (33 Barb. 578; thereafter followed in *People* v. *Ballard,* 134 N. Y. 269) and in reference to those cases the opinion reads: " These cases and those which intervened established the law that a corporation cannot sell all its property, or even a part thereof so integral as to be essential for the transaction of its ordinary business, because such a sale is wholly or partly an act of self-destruction and a practical dissolution without compliance with law."

Unless one of the purposes of this corporation and one of the powers given by the certificate of incorporation be the sale of real property, the officers of the company were not authorized to sell an integral part thereof, or about one-quarter of the whole property as seems to be estimated, without special authority from the stockholders. Authority to make the sale is not vested in the board of directors unless included in the certificate, and, for failure to make proof that the

power to sell was a power contemplated in the certificate of organization, the plaintiff, upon whom lies the burden of proof, has wholly failed to make proof either of direct or presumed authority in these officers to make the contract sued upon.

The judgment and order should, therefore, be affirmed, with costs.

MERRELL and GREENBAUM, JJ., concur; CLARKE, P. J., and LAUGHLIN, J., dissent.

Judgment affirmed, with costs.