Richard S. Lane, J.
This matter has been submitted to me upon an agreed statement of facts presenting a single issue of law. Does the chairman of the board of directors of a corporation, who is not the chief executive officer, have implied or apparent authority to pledge the credit of the corporation by virtue of obtaining the issuance to himself of an American Express credit card in the name of the corporation.
Broadly stated the rule is that general officer of a corporation has apparent authority to act in accordance with the normal practices of his corporation and of the business in which the corporation is engaged (Traitel Marble Co. v. Brown Bros., 159 App. Div. 485, 486; Lyon v. West Side Transfer Co., 132 App. Div. 777, 779; Goldenberg v. Bartell Broadcasting Corp., 47 Misc 2d 105, 109). To state the rule, however, does not answer the question posed by this action, nor, to the knowledge of the court and counsel, has any recorded case in this area of the law concerned itself with a chairman of the board of directors..
*649 A chairman is not one of the usual officers designated in section 715 of the Business Corporation Law of New York. Yet the statute does recognize the existence of such an office and accepts it for certain purposes as an alternative to the presidency (Business Corporation Law, §§ 104, 508). It is an office in evolution assuming different roles in different corporations. In some it is held by a chief executive officer who has relinquished day-by-day operations to a younger man while still holding the reins of power; in others it is held by a retired chief executive officer whose counsel and advice are still valued; in still others it provides a formula for dividing up between two relatively equal principals the control of the corporation.
The specific role of the office in Uniworld Group, Inc., the corporate defendant before me is not revealed in the agreed upon statement of facts. But whatever the specific role of the office, its holder in any corporation would be one of the corporation’s senior citizens who would be accepted freely as speaking for the corporation by the vendors of the relatively narrow spectrum of goods and services covered by an American Express card and by American Express itself. Certainly he would be expected to have the right to commit the corporation for tickets, hotel rooms and other transportation expenses, for office furnishings, for meals and other entertainment expenses, equipment and other supplies, etc. Why shouldn’t he and his corporation also have the advantage of the assurance of credit and record keeping made available by American Express?
Defendant’s position is that, by the very title, a chairman of the board’s apparent authority is limited to presiding at directors’ meetings. On that theory a secretary’s apparent authority would be limited to keeping minutes and sending out notices. The Court of Appeals has long ago rejected any such strait jacket for the law (Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473, 479).
My conclusion is that in today’s business world, Mr. Lopez as chairman of the board (like any other senior officer of a corporation) had apparent authority to get himself a credit card and charge the corporation with responsibility for it. The issue of whether the particular goods or services for which he used the card would put the vendors and/or American Express on notice of lack of corporate purpose has not been presented to me.
Plaintiff may have judgment as prayed for in the complaint together with the costs and disbursements of this action.